UNITED STATES of America, Appellee,

v.

**William Edward BROWN, Appellant.**

No. 79–1089.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1979.

Decided Aug. 7, 1979.

V. Phil Watson of Watson & Swanson, Des Moines, Iowa, for appellant.

Roxanne Barton Conlin, U. S. Atty. and Amanda M. Dorr, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before GIBSON, Chief Judge, and ROSS and HENLEY, Circuit Judges.

ROSS, Circuit Judge.

William Edward Brown appeals from his conviction for conspiracy to distribute, and to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846. On appeal, he argues that the district court[1] erred in denying his pretrial motion to dismiss, in admitting into evidence a taped telephone conversation, and in refusing his requested instructions to the jury. We affirm.

Brown was convicted in state court in 1976 for possession of heroin with intent to deliver in violation of Iowa state law. In 1978, he was indicted by a federal grand jury and in 1979, convicted in federal court for conspiring with 33 others to possess and distribute heroin in violation of 21 U.S.C. § 846.[2]

He first contends that the district court erred in denying his pretrial motion and to dismiss the indictment on grounds of double jeopardy and collateral estoppel.

█ Successive prosecutions by state and federal governments are not barred by the double jeopardy clause of the fifth amendment. *Abbate v. United States,* 359 U.S. 187, 196, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). Such prosecutions are sanctioned under the "dual sovereignty" doctrine, which recognizes that a single act may constitute separate and distinct offenses against two sovereigns, punishable by both. *United States v. Wheeler,* 435 U.S. 313, 317, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978); *Rinaldi v. United States,* 434 U.S. 22, 28, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977); *Bartkus v. Illinois,* 359 U.S. 121, 132, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); *Abbate v. United States, supra,* 359 U.S. at 194, 79 S.Ct. 666; *Turley v. Wyrick,* 554 F.2d 840, 841 (8th Cir. 1977), *cert. denied,* 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978).

Brown contends that the dual sovereignty doctrine has suffered erosion so that trial by both sovereigns contravenes the intent of the double jeopardy clause. This court rejected a similar argument in *Turley v. Wyrick, id.* at 842. We hold here, as we did in *Turley v. Wyrick, id.,* that the doctrine remains valid. See our discussion in *United States v. Taylor,* 603 F.2d 732 (8th Cir. 1979).

█ Moreover, appellant has not been twice prosecuted for the "same offense." Double jeopardy does not bar successive prosecutions for the commission of a substantive offense and a conspiracy to commit that offense arising out of the same transaction. *Iannelli v. United States,* 420 U.S. 770, 777, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). These are separate and distinct crimes requiring proof of different facts. *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

█ Nor does the doctrine of collateral estoppel bar Brown's federal prosecution. This doctrine bars relitigation of an issue between the same parties. *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). It does not apply when, as in this case, different sovereigns and thus different parties are involved in the litigation. *Turley v. Wyrick, supra,* 554 F.2d at 841.

---

1. The Honorable William C. Hanson, Senior Judge, United States District Court for the Southern District of Iowa.

2. He was sentenced to five years imprisonment to be followed by a special parole term of three years.

■ Appellant next claims that the district court erred in admitting a tape recording into evidence without proper foundation. In *United States v. McMillan*, 508 F.2d 101, 104 (8th Cir. 1974), *cert. denied*, 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975), we set forth the elements of a proper foundation for the admission of a tape recording into evidence. The party seeking admission must show:

(1) That the recording device was capable of taking the conversation now offered in evidence.

(2) That the operator of the device was competent to operate the device.

(3) That the recording is authentic and correct.

(4) That changes, additions or deletions have not been made in the recording.

(5) That the recording has been preserved in a manner that is shown to the court.

(6) That the speakers are identified.

(7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.

Brown concedes that the first six requirements were established but claims that the prosecution failed to establish that the government witness was not induced to extract statements from the defendant. The government argues that the seventh element of the *McMillan* test requires only that the *defendant's* statements, as elicited by the witness, be made voluntarily, in good faith and without any inducement.

■ We agree with the government's interpretation of this foundational requirement. The phrase "conversation elicited" means conversation drawn from the defendant by the witness or person making the call. It is undisputed that Brown was not induced into the conversation with informant Michael C. Everett, a tape recording of which was admitted into evidence. Nor does Brown contend that his conversation was involuntary. Accordingly, we hold that the district court did not err in admitting the recording.

■■ Brown also claims that he was entitled to a jury instruction on the elements of conspiracy which would have included every allegation contained in the indictment. We disagree. Allegations not essential to prove the crime for which the defendant is charged are mere surplusage and need not be proved or embodied in the instructions to the jury. *United States v. Parker*, 586 F.2d 1253, 1258 n.2 (8th Cir. 1978); *Milentz v. United States*, 446 F.2d 111, 114 (8th Cir. 1971).

■ Appellant further asserts that he was entitled to a jury instruction requiring the government to prove that his telephone conversation with Everett, the informant, was an overt act made in furtherance of the conspiracy. In this circuit, "[t]he offense of conspiracy consists of an agreement between the conspirators to commit an offense, attended by an act of one or more of the conspirators to effect the object of the conspiracy." *United States v. Skillman*, 442 F.2d 542, 547 (8th Cir.), *cert. denied*, 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed.2d 63 (1971). *See also United States v. Jackson*, 549 F.2d 517, 530 (8th Cir.), *cert. denied*, 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977).

■ In this case, substantial evidence was introduced to prove each of the three overt acts alleged. The jury was properly instructed to acquit the defendant if it found that the government had not established beyond a reasonable doubt that at least one of the overt acts charged in the indictment was knowingly committed by the defendant in furtherance of the conspiracy.

Appellant finally argues that the district court erred in refusing his requested instruction describing simple possession as a lesser included offense of conspiracy to possess with intent to distribute.

■ The standard against which this court must evaluate a request for a lesser included offense instruction is set forth in *United States v. Thompson*, 492 F.2d 359, 362 (8th Cir. 1974):

A defendant is entitled to an instruction on a lesser included offense if: (1) a

proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) there is some evidence which would justify conviction of the lesser offense; (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) there is mutuality, i. e., a charge may be demanded by either the prosecution or defense. (Emphasis omitted.)

Lesser included offense instructions are "not proper unless it is impossible to commit the greater without first committing the lesser, for otherwise the lesser is not properly a lesser offense to [the] greater." *United States v. Nelson,* 563 F.2d 928, 930 (8th Cir. 1977), *quoting United States v. Eisenberg,* 469 F.2d 156, 162 (8th Cir. 1972), *cert. denied,* 410 U.S. 992, 93 S.Ct. 1515, 36 L.Ed.2d 190 (1973).

Possession was not a necessary element of the conspiracy offense charged, since conviction for the conspiracy could have been established by proof that the defendant committed any one of three overt acts alleged. *United States v. Parker, supra,* 586 F.2d at 1258 n.2; *Milentz v. United States, supra,* 446 F.2d 114. Therefore, the second requirement of *United States v. Thompson, supra,* 492 F.2d at 362, is not present. We hold that it was not error for the district court to refuse to give the requested lesser included offense instruction.

The judgment of conviction is affirmed.