UNITED STATES of America, Appellee,

v.

Leo JANKOWSKI, Appellant.

UNITED STATES of America, Appellee,

v.

Terrance J. THEISEN, Appellant.

Nos. 82–1729(NE), 82–1730(NE).

United States Court of Appeals,
Eighth Circuit.

Submitted May 18, 1983.

Decided Aug. 5, 1983.

Rehearing Denied in No. 82–1730–NE
Sept. 9, 1983.

Rehearing and Rehearing En Banc
Denied in No. 82–1729–NE
Sept. 28, 1983.

Ronald D. Lahners, U.S. Atty., D. Neb. and Thomas D. Thalken, First Asst. U.S. Atty., Omaha, Neb., for appellee.

Alan Caplan, San Francisco, Cal., for appellant.

Before BRIGHT and McMILLIAN, Circuit Judges, and NICHOL,* Senior District Judge.

NICHOL, Senior District Judge.

In these consolidated appeals, Leo Jankowski and Terrance J. Theisen challenge their convictions for possession and distribution of controlled substances in violation of 21 U.S.C. sections 841(a)(1) and 846. For reasons set out more fully herein, we affirm the convictions.

### I.

Leo Jankowski, Terrance Theisen, Julie Barrientos, and Walter Larry Phillips were charged in a three count indictment with certain drug related offenses. Count I charged all four defendants with distribution and possession with the intent to distribute methamphetamine and cocaine.

---

* The Honorable Fred J. Nichol, United States Senior District Judge for the District of South Dakota, sitting by designation.

Count II charged defendants Phillips and Jankowski with the intent to distribute a certain amount of methamphetamine. Count III charged all four defendants with the same offense as charged in Count II. In spite of considerable effort, law enforcement authorities failed to apprehend Phillips. The remaining defendants were tried before a jury, the Honorable Albert G. Schatz presiding. The jury returned a guilty verdict as to all three defendants on Counts I and III of the indictment.

Jankowski received a four year sentence as to each count plus a three year special parole term to follow imprisonment on Count III. The sentences are to be served concurrently. Theisen received a three year sentence as to each count plus a two year special parole term on Count III. Barrientos received a two year prison sentence but the trial court suspended all but four weekends of imprisonment and placed her on probation for two years. Barrientos chose not to appeal.

For reversal both appellants argue the hearsay statements of coconspirators were inadmissible because there was insufficient independent corroboration of those statements, as required by *United States v. Bell,* 573 F.2d 1040 (8th Cir.1978). Additionally, each appellant raises other assignments of error. Jankowski claims the trial court erred by not ruling in advance on his motion in limine to prohibit government reference to the nature of his state felony conviction for possession of methamphetamine; by admitting certain hearsay statements allegedly not in furtherance of the conspiracy charged in the indictment; and by failing to grant a judgment of acquittal. Theisen assigns as error the admission of certain evidence and the government's failure to comply with a pretrial discovery order. In the alternative, Theisen challenges the sufficiency of the evidence to sustain a conviction.

## II.

A. Sufficiency of the Evidence.

We will discuss the trial court's *Bell* ruling, Jankowski's claim that certain hearsay statements were not made in furtherance of the conspiracy, and Theisen's challenge as to the sufficiency of the evidence under the general rubric of sufficiency of the evidence.

▇ Out-of-court declarations made by coconspirators are admissible if the government proves by a preponderance of independent evidence that: (1) a conspiracy existed; (2) the defendants and the declarant were members of the conspiracy; and (3) the statements were made during and in furtherance of the conspiracy. *United States v. Bell,* 573 F.2d at 1043 and 1044 (citations omitted). *See also United States v. Fischel,* 693 F.2d 800, 802 (8th Cir.1982); *United States v. Baykowski,* 615 F.2d 767, 771 (8th Cir.1980).

▇ The independent evidence showing a conspiracy may be direct or totally circumstantial. *United States v. Williams,* 604 F.2d 1102, 1113 (8th Cir.1979). Here there exists a combination of both. Consequently, we hold that the evidence taken as a whole allows a reasonable inference of a conspiracy sufficient to satisfy the independent evidence test of F.R.E. 801(d)(2)(E) and *Bell.* The trial court correctly applied the *Bell* criteria and at the close of the evidence correctly admitted the statements as exceptions to the hearsay rule. *Cf. United States v. Harshaw,* 705 F.2d 317, 322 (8th Cir.1983) (witness coconspirator hearsay statements were properly suppressed).

▇ Here the testimony of Theisen's friend, Cynthia Mueller, and one Jack Terrell provide the independent evidence of the existence, the participants, and the duration of the conspiracy. Ms. Mueller recounted events that occurred at Larry Phillips' house involving both appellants, the events of trips to Jankowski's residence by Phillips, payments made to her by both appellants, and the activities of Larry Phillips involving controlled substances. Mr. Terrell described trips on which he accompanied Phillips to collect money and events at Phillips' residence involving Jankowski, and observa-

tions of payments made by Jankowski to Phillips and Mueller. Furthermore, controlled substances were among the items seized from Larry Phillips' residence in February, 1981.

Given our conclusion that all the coconspirator hearsay, including that which Jankowski alleges was not in furtherance of the charged conspiracy, was admissible, and the standard of review, it is easy to see that the evidence is sufficient to sustain the verdicts against Jankowski and Theisen.

On appellate review of the sufficiency of the evidence, the court must view the evidence in the light most favorable to the verdict rendered. It must accept as established any and all reasonable inferences from the evidence that tend to support the jury's verdict. The evidence need not "exclude every reasonable hypothesis except that of guilt (; it is enough) that it be sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty." *United States v. Apker,* 705 F.2d 293, 309 (8th Cir.1983) (citations omitted). In this case there is ample evidence upon which to sustain the verdicts.

**B. Motion in Limine.**

Jankowski alleges as error that the trial court improperly denied his motion in limine regarding his prior state court felony conviction for unlawful delivery of methamphetamine. Jankowski contends that the refusal to grant his motion in limine chilled his ability to exercise his constitutional right to be a witness in his own behalf. We do not agree.

A court has no duty to rule regarding such a motion in limine until the defendant takes the stand, even if the refusal to do so prevents a defendant from testifying in his own behalf. The test on appellate review is whether the trial court abused its discretion in failing to issue an advance ruling. *United States v. Witschner,* 624 F.2d 840, 844 (8th Cir.1980).

We find no abuse of discretion in this case. We agree with the trial court that this case does not present facts so far outside of the ordinary situation as to require an advance ruling on the motion in limine. *Cf. United States v. Burkhead,* 646 F.2d 1283 (8th Cir.1981) (prior conviction on the substantive count giving rise to the conspiracy charge).

**C. Nature of the Conspiracies.**

Jankowski asserts that the government proved three separate and distinct conspiracies rather than the single conspiracy charged in the indictment. Jankowski's three conspiracy theory is based upon an assertion that the evidence does not show that Jankowski knew the other two defendants, Theisen and Barrientos. We find no error based upon such an argument.

The identity and exact participation of the other coconspirators in a conspiracy is not required. *Blumenthal v. United States,* 332 U.S. 539, 557, 68 S.Ct. 248, 256, 92 L.Ed. 154 (1946). Here the evidence showed Phillips used each appellant as distributors of controlled substances and also used Jankowski as a so-called "stash" for some of his drugs. That evidence, in addition to the rest of the evidence adduced at trial and the reasonable inferences which may be drawn therefrom, are sufficient to sustain the jury verdict.

**D. Methamphetamine Evidence.**

Theisen asserts that Exhibit 3, a small vial containing the methamphetamine which provided the substantive basis for the conspiracy count, was improperly admitted into evidence. Theisen claims that the government did not apprise him of the existence of Exhibit 3 until the day of trial, in violation of the magistrate's pretrial discovery order.

During the pretrial conference prior to the selection of the jury, Theisen asserted the government had not provided discovery of Exhibit 3. When asked by the trial court why there had been no compliance with the magistrate's pretrial discovery order, the government responded that no request had been made by defense counsel to inspect the evidence. All counsel were then given an

opportunity to inspect the various items of evidence. No one took advantage of the opportunity to inspect the evidence. Theisen did not move to suppress Exhibit 3.

We need not reach the merits of this assignment of error because Theisen has not preserved it for appellate review. Theisen argues that had he known of the existence of Exhibit 3, he would have moved to suppress it. Here he was given the opportunity to discover the evidence and move for its suppression the day before trial. Had he taken the opportunity to discover the evidence perhaps he could have shown cause why relief from the F.R.Crim. Pro. 12(f) waiver should be granted. By choosing not to follow the F.R.Crim.Pro. 12 procedure, Theisen has waived whatever error, if any there be, resulting from the admission of Exhibit 3.

E. The Taped Conversation.

 Theisen claims the trial court erred by admitting a tape recorded conversation between Ms. Mueller and Ms. Barrientos. In *United States v. McMillan,* 508 F.2d 101, 104 (8th Cir.1974) *cert. denied* 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975), we set forth the elements of a proper foundation for the admission of a tape recording into evidence. The party seeking admission must show:

(1) That the recording device was capable of taping the conversation now offered in evidence.

(2) That the operator of the device was competent to operate the device.

(3) That the recording is authentic and correct.

(4) That changes, additions or deletions have not been made in the recording.

(5) That the recording has been preserved in a manner that is shown to the court.

(6) That the speakers are identified.

(7) That the conversation elicited was made voluntarily and in good faith,

without any kind of inducement. *Id. See also United States v. McCowan,* 706 F.2d 863, 865 (8th Cir.1983); *United States v. Brown,* 604 F.2d 557, 560 (8th Cir.1979).

Theisen concedes that the government established the first six requirements but claims that the prosecution failed to establish that Ms. Barrientos made the statements voluntarily. We cannot agree. We believe that the evidence showed that whatever threats Ms. Mueller made against Ms. Barrientos were made to induce Ms. Barrientos to pay the money she owed and not to induce Ms. Barrientos' statements.

### III.

We have thoroughly reviewed the record in this case, and find that neither Jankowski nor Theisen was prejudiced by the district court's trial rulings. The record supports the jury verdict, and accordingly, we affirm the district court's judgment.