**UNITED STATES of America, Appellee,**

v.

**Randall Dale DAHLIN, Appellant.**

No. 83–2452.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1984.

Decided May 18, 1984.

James M. Rosenbaum, U.S. Atty., Douglas A. Kelley, Asst. U.S. Atty., D. Minn., Minneapolis, Minn., for appellee.

Faegre & Benson by James Duffy O'Connor, Mary K. Bachman, Federal Public Defender Panel, Minneapolis, Minn., for appellant.

Before BOWMAN, Circuit Judge, SWYGERT * and HENLEY, Senior Circuit Judges.

PER CURIAM.

Randall Dale Dahlin appeals from his bank robbery conviction under 18 U.S.C. § 2113(a). For reversal he argues that the district court[1] improperly admitted evidence of a bad act and that it abused its discretion by not ruling on Dahlin's pretrial motion to exclude evidence of prior convictions. We affirm.

Dahlin was apprehended for the robbery of a Minneapolis savings and loan association after tellers described him and identified him in bank photographs which recorded the robbery. At trial Dahlin and his sister disputed the identification and testified that Dahlin was babysitting his infant niece at the time of the robbery.

In constructing his babysitting alibi Dahlin and his sister testified that Dahlin was deeply devoted to his niece and his family and that he never left the child alone. On cross-examination the government disputed this account of Dahlin's family relations. After Dahlin admitted to problems and quarrels with his father and siblings, the government's questions produced a collo-

---

* The Honorable Luther M. Swygert, United States Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. The Honorable Donald D. Alsop, United States District Judge, District of Minnesota.

quy on which Dahlin partly bases his appeal:

Q. In fact on one occasion sometime ago you injured [your father] rather severely, did you not?

A. No, I didn't. It wasn't severely, it was pretty minor.

MR. O'CONNOR: Your Honor, I am going to object to going into any of this. Once again, if it is character evidence it is not relevant and it is not permissible under Rule 404.

THE COURT: Objection overruled on the grounds previously indicated, under 404(a)(1).

THE WITNESS: Do you want me to tell you about it?

MR. KELLY:

Q. Yes, I would.

A. I can remember like it happened yesterday. I was about 15 years old at that time and I had just come home from school, he didn't like me fighting and I was using pills at the time, barbiturates, and I believe I came in one night, I was at the house, he came in, he had been drinking, him and my mother, and he came up to me, and we got in an argument. We got to wrestling, he got up on top of me and pinned my arms down and as he pinned my arms down he pulled out a pocket knife and he held it up to my throat and said I should cut your throat and he set the pocket knife on a coffee table to the side and started slapping me in the face.

Well, I reached over and grabbed the knife and stabbed him in the ass.

I knew where I was going to stab him, but I struck him in the ass.

Fed.R.Evid. 404(a)(1) approves the admission of "evidence of a pertinent trait" of a person's character offered by the accused or by the prosecution in rebuttal. Several courts have approved the use, in rebuttal, of evidence of the accused's character under this rule. *United States v. Wilford*, 710 F.2d 439, 448 (8th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984); *United States v. Gaertner*, 705 F.2d 210, 216–17 (7th Cir.1983) (where defendant tried to depict himself as a "clean-liver," he opened the door to the prosecution regarding his drug involvement); *United States v. Adamson*, 665 F.2d 649, 660 (5th Cir.1982) (defendant opened the door for rebuttal by his attempt to negate inference of intent by describing his career, personal history and philosophy, family and business ties, medical problems and civic contributions).

■ Prudential guidelines govern the administration of this rule. Questions must be narrowly framed and restricted to actual events which affect the traits the accused has placed in issue. *United States v. Lewis*, 482 F.2d 632, 639 (D.C.Cir.1973). The court must closely supervise this questioning and must balance the probative value of information elicited against possible prejudice to the defendants. *Id.; see United States v. Murzyn*, 631 F.2d 525, 529 (7th Cir.1980) (balancing test involves inquiry into the relevance, reliability, and unfair effect of the evidence), *cert. denied*, 450 U.S. 923, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981).

■ Dahlin's alibi put at issue his reliability, responsibility and familial devotion, which were traits pertinent to the jury's appraisal of his defense. Thus, to a limited extent the government was entitled to question Dahlin's role in family fights as well as his dependency on drugs. The difficulty with appellant's position, however, is that he volunteered the questionable testimony hereinabove set forth. His account of the family fight simply was not given in response to any direct question. In these circumstances, we will not order a new trial or vacate the conviction. We add that our conclusion is reinforced by the fact that in closing argument counsel made no direct reference to the episode, and we observe that the trial court instructed the jury not to consider it in determining the guilt or innocence of the defendant.

Dahlin also contends that the district court erred in refusing to rule on his pretrial motions to exclude prior convictions. He argues that, because he would have

been susceptible to impeachment for these crimes had he testified, his attorney was compelled to disclose them in his opening statement.

■ We have held that when defense counsel moves in limine to exclude evidence of prior convictions but then introduces them in defendant's direct testimony, the defense has wavied the right to appeal the trial court's refusal to grant the motion. *United States v. Johnson,* 720 F.2d 519, 522 (8th Cir.1983); *United States v. Cobb,* 588 F.2d 607, 613 (8th Cir.1978), *cert. denied,* 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979). The same waiver should be invoked where counsel for the defendant discloses the conviction in his opening statement.

While some other courts recommend ruling on pretrial motions of this sort, *United States v. Cook,* 608 F.2d 1175, 1186 (9th Cir.1979) (en banc), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980); *United States v. Oakes,* 565 F.2d 170, 171 (1st Cir.1977), we have repeatedly declared that, even if the defendant is discouraged from testifying, in most circumstances the trial court has no duty to rule on such motions until the defendant takes the stand. *United States v. Jankowski,* 713 F.2d 394, 397 (8th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 732, 79 L.Ed.2d 192 (1984); *United States v. Rivers,* 693 F.2d 52, 53–54 (8th Cir.1982) (Alsop, J., sitting by designation); *United States v. Fay,* 668 F.2d 375, 379 (8th Cir.1981); *United States v. Witschner,* 624 F.2d 840, 844 (8th Cir.), *cert. denied,* 449 U.S. 994, 101 S.Ct. 532, 66 L.Ed.2d 291 (1980); *United States v. Johnston,* 543 F.2d 55, 59 (8th Cir.1976). Forbearance can prevent gratuitous advisory opinions and can promote judicial economy and accurate decisions. *United States v. Burkhead,* 646 F.2d 1283, 1286 (8th Cir.), *cert. denied,* 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981).[2]

Although we recognize the potential prejudicial effect that prior crimes evidence may have on juries, we do not find here that the district court abused its discretion in deferring its ruling. Moreover, we reject as well the suggestion that the cumulative effect of the trial court's alleged error and the prosecutor's alleged misconduct deprived Dahlin of a fair trial.

Accordingly, the judgment of the district court is affirmed.

---

**2.** Although refusal to rule was reversible error in *Burkhead,* that result flowed from the unusual fact that the prior crimes and the crime at issue were charged in the same indictment but tried separately. The trial court refused to rule on the use of the prior substantive crimes at the latter trial for conspiracy. Thus, Burkhead's defense testimony was chilled due to circumstances absent in this case.