UNITED STATES of America, Appellee,

v.

Paula VEGA, Appellant.

No. 84–2581.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1985.

Decided Nov. 8, 1985.

N. Scott Rosenblum, Clayton, Mo., for appellant.

Richard Poehling, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Paula Vega appeals from her judgment of conviction following trial by a jury on five counts of knowingly and intentionally possessing with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). She argues on appeal that the

district court[1] erred in failing to prevent the Assistant United States Attorney from referring to her prior conviction. We affirm.

Appellant filed a motion in limine before trial to prevent the prosecutor from mentioning her prior conviction for child abuse four years earlier. Toward the close of the government's case the district court denied this motion finding that the conviction met the requirements of Fed.R.Evid. 609(a)(1) in that its probative value outweighed any prejudice.

On direct examination Vega's counsel questioned her about this prior conviction and the circumstances surrounding it.[2] She stated that it involved a "soft spanking" of her niece. The prosecutor on cross-examination brought out the fact of conviction and the use of a belt and hospitalization of the child. The circumstances of the conviction were also briefly discussed on redirect and re-cross examination.

Appellant argues that the prejudice of raising her child abuse conviction, with its "heinous underpinnings," outweighs its probative value in that the conviction bore only nominally on her credibility as it was old and unrelated to her narcotics prosecution. She alleges that allowing this into evidence to impeach her credibility was at the very least plain error.

 These issues, however, need not be determined. We have previously held that when a defendant's pretrial motion to exclude a prior conviction is denied, and the evidence is then introduced during the defendant's direct examination, the accused has waived the right to appeal the trial court's denial of the motion. *United States v. Johnson*, 720 F.2d 519, 522 (8th Cir.1983), *cert. denied*, 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 702 (1984); *United States v. Cobb*, 588 F.2d 607, 613 (8th Cir. 1978), *cert. denied*, 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed. 636 (1979); *see United*

*States v. Dahlin*, 734 F.2d 393, 396 (8th Cir.1984).

 By mentioning the matter first, Vega denied the government its privilege to withhold the information, and the court its opportunity to reconsider the preliminary ruling. Moreover, after appellant testified to the circumstances of the prior conviction, the prosecutor was within his rights to then cross-examine her as to this testimony. *See United States v. Johnson*, 720 F.2d at 522. We note that the prosecutor's reference to the prior conviction was limited to responding to testimony on direct and redirect examination of Vega, and he at no time mentioned it in opening statement or closing argument or during the testimony of other witnesses.

Accordingly, the judgment of the district court is affirmed.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent. In my view, not only is the issue appealable, but the trial court clearly erred in denying Vega's motion to exclude evidence of a four-year old conviction for child abuse.

I recognize that this Court held in *United States v. Johnson*, 720 F.2d 519, 522 (8th Cir.1983), *cert. denied*, 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984) and *United States v. Cobb*, 588 F.2d 607, 613 (8th Cir.1978), *cert. denied*, 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979) that a defendant waives his right to object on appeal to a pretrial ruling permitting the use of a prior conviction by testifying to the prior conviction on direct examination, but I doubt the applicability of those cases to this situation. In both *Johnson* and *Cobb*, the trial judge had made a preliminary pretrial decision to admit evidence of prior convictions. Both defendants then introduced the convictions themselves, without allowing the court to make a more timely ruling after the trial had developed.

1. The Honorable John F. Nangle, Chief Judge, United States District Court, Eastern District of Missouri.

2. Defense counsel questioned appellant as to her relationship with the child, the age of the child, when the incident occurred, how she came into contact with the child, the actual charge involved, and how hard she spanked the child.

Here, however, the district court took the pretrial motion under advisement and did not rule on it until after the government had presented its case in chief. Thus this ruling was final and it made no difference which party brought out the conviction. I would hold that the trial court's denial of Vega's motion in limine is properly before this Court.

Moreover, I think it is clear that the trial court abused its discretion in admitting the conviction. First, the court did not articulate its reasons for concluding that the probative value of the conviction outweighed its prejudicial effect. More importantly, the record does not support the conclusion. The prejudicial value of such an emotionally charged conviction far outweighed its probative value. In light of the trial court's ruling, the defendant had no alternative but to attempt to soften the impact of the conviction by testifying with respect to it in her direct examination. In my view, she should not have been placed in that position.