799 F.2d 751
 21 Fed. R. Evid. Serv. 1041
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Jeoffrey Allen MEACHAM, Appellant.
UNITED STATES of America, Appellee,
v.
Dennis Franklin LOZON, a/k/a Denny Meacham, Appellant.
 Nos. 84-5159(L), 84-5160.
 United States Court of Appeals, Fourth Circuit.
 Argued May 5, 1986.
Decided Aug. 29, 1986.
 
 1
 Lawrence I. Kazan (Larry L. Debus; Debus, Bradford & Kazan, Ltd. on brief), for appellant Jeoffrey Allen Meacham.
 
 
 2
 Tom Henze; Henze, Ronan & Clark on brief, for appellant Dennis Franklin Lozon...
 
 
 3
 John G. Douglass, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty. on brief), for appellee.
 
 
 4
 Before WINTER, Chief Judge, and RUSSELL and PHILLIPS, Circuit-Judges.
 
 
 5
 D.Md.
 
 
 6
 AFFIRMED.
 
 
 7
 PER CURIAM: Defendants Meacham and Lozon appeal their conviction for conspiracy to distribute and to possess with intent to distribute cocaine, in violation Of 21 U.S.-. § 846. Finding no reversible error in the proceedings in the district court, we affirm.
 
 I.
 
 8
 The government's evidence showed a conspiracy, involving Meacham, Lozon and several others, to transport cocaine and large sums of cash between Baltimore, Chicago, Salt Lake City, and Arizona. The defense attempted to show that the alleged conspirators actually delivered and accepted the cash as part Of legitimate business and investment activities. The defendants admitted to using small amounts of cocaine for personal consumption. certain members of the alleged conspiracy testified for the government at trial, pursuant to their plea agreements. The agreements, which contained promises by the witnesses to testify truthfully and completely, were admitted into evidence in their entirety, and were commented on by government counsel during the rebuttal portion of closing argument. Defendants made timely objections to the admission the portions of the plea agreement containing promises of truthful and complete testimony.
 
 
 9
 In response to questioning by his attorney, Meacham testified about his former activities as a government informant in drug cases, in an apparent effort to portray himself as a person opposed to drugs and uninvolved in drug trafficking. The government, on cross-examination, further pursued the topic of Meacham's activities as an informant.
 
 
 10
 Mr. Jordan, a DEA agent called by the government as a rebuttal witness, testified that Meacham had at one time assisted him as an informant in drug-related cases, Jordan also testified that in his 20 years as a narcotics agent he had never encountered a cooperating individual who, like Meacham, actually arranged drug transactions, who was not also a drug user or dealer. Mr. Boykevich, another DEA agent and government witness, in answering a question posed by defense counsel, made a passing reference to investigation of Meacham by agents in Phoenix. Defendants raised timely objections to all of this government testimony, arguing that it was impermissible evidence of Meacham's "other crimes, wrongs or acts" tending to show a propensity to commit the crime charged.[1]
 
 
 11
 As the conclusion of the evidence the defense requested a jury instruction permitting conviction of the "lesser included offense" of simple possession of cocaine. The request was refused.
 
 
 12
 The jury returned guilty verdicts against both defendants.
 
 II.
 A. Government's Use of plea Agreements
 
 13
 Defendants' contention that the district court erred by admitting in their entirety the plea agreements of government witnesses fails under the controlling authority of United States v. Henderson, 717 F.2d 135 (4 Cir. 1983) cert. denied, 465 U.S. 1009 (1984). In Henderson, we held that a plea agreement containing a promise to testify truthfully was admissible in its entirety even where a defendant has not expressed an intention to use the agreement as a basis for impeaching the government's witness. In the instant case, where such an intention was unmistakable and the defense made extensive use of the plea agreements in cross-examining of the cooperating government witnesses, the case for admissibility is even more compelling. See also United -States v. McEachern, 675 F.2d 618, 624-26 (4 Cir. 1982). We therefore reject defendants' argument that by admitting the plea agreements in their entirety the district court permitted the government improperly to bolster the credibility of its witnesses.
 
 
 14
 Defendants also argue that the government's reference to the plea agreements during its rebuttal to defendants' closing arguments constituted further improper bolstering of witness credibility, and was prejudicial, requiring reversal. Henderson it--self lends some support to this argument, suggesting that reversal could be required if a prosecutor during closing argument "disproportionately emphasized or repeated" or otherwise "made improper use of the plea bargain promise of truthfulness". Id. at 138. (citing United States v. Halbert, 640 F.2d 1000, 1005 (9 Cir. 1981). We do not view as improper the prosecutor's closing argument reference to the plea bargain promise of truthfulness in this case, since it was in response to defense counsel's use of the plea bargains, during their closing argument, to attack the credibility of the cooperating government witnesses. See Halbert, 640 F.2d at 1006.
 
 
 15
 We therefore find no abuse of discretion in the district court's permitting the government to use these plea agreements as it did.
 
 
 16
 B. Evidence of Meacham's "Other Crimes,. Wrongs, or Acts"
 
 1. Meacham's Cross-Examination
 
 17
 Defendants' contention, that the government's cross-examination inquiry into Meacham's conduct as a government informant in drug cases was improper, is meritless. Meacham's testimony on direct examination acknowledged limited involvement as an informant and suggested that Meacham's status as a "fanatic anti-drug individual" was the reason for this involvement. The government's cross-examination sought to discredit this testimony by revealing the true extent of Meacham's informant activities and by suggesting that monetary reward, rather than anti-drug fanaticism, was his true motivation. It was thus a permissible attempt to a ttack the credibility of Meacham's testimony. In addition, Meacham's testimony on direct examination tended to portray him as possessing character traits inconsistent with his being guilty of the crime charged; in this way too it opened the door for the government's attack on cross-examination. See Fed. R. Evid. 404(a)(1).
 
 2. Agent Jordan's Testimony
 
 18
 The testimony of DEA agent Jordan served further to rebut the good charcter evidence proffered by Meacham. Jordan, who had worked with Meacham in his informant's role, expressed the opinion that an informant of Meacham's stature was extremely likely to have been involved in drug use and/or trafficking. This testimony helped to contradict Meacham's portrayal of himself as a "fanatic anti-drug inidividual." See Fed. R. Evid. 404(a)(1) & 405(a). We therefore perceive no merit in defendants' contention that Jordan's testimony, coup ed with Meacham's own cross-examination testimony, constituted evidence of other crimes, wrongs, or acts and was as such inadmissible under Fed. R.Evid. 404.[2]
 
 3. Agent Boykevich's Testimony
 
 19
 Defendants next contend that they were prejudiced by certain testimony of DEA agent Boykevich. We disagree.
 
 
 20
 At one point, Boykevich testified that he was the agent in charge of the investigation in this case, and that he had agents in various parts of the United States working for and with him on the investigation. Later he was asked by defense counsel whether "he or other government agents acting at [his] request" had been able to obtain telephone records from Arizona relating to defendants during the years 1979 and 1980. He replied he did not know for certain, but that agents in phoenix might have such records because, "they are investigating mr. Meacham." Defendants argue that this answer was unresponsive, and that it conveyed the impression that Meacham was the subject of another drug investigation in Arizona, causing the jury to suspect him of being guilty of other drug-related crimes. This, they contend, together with the other challenged bad character evidence denied them a fair trial. However, Boykevich's testimony when viewed as a whole is not as damaging as defendants contend. The answer challenged by defendants was, as the district court noted, fairly responsible to defense counsel's question. it can readily be interpreted as referring to out-of-state agents working with Boykevich on the investigation relating to the instant case. We agree with the district judge that the witness' response was not prejudicial, and we think that he properly refused to grant defendants' motion for mistrial on this basis.
 
 
 21
 4. Government's Comments During Closing Argument
 
 
 22
 Finally, defendants argue that they were prejudiced by the government's references during closing argument to the challenged "other crimes" evidence. The prosecutor, for example, argued to the jury that, contrary to the tenor of Meacham's testimony on direct examination, he had been "immersed in the drug world." in light of our holding that evidence tending to show Meacham's past involvement with drugs was correctly admitted, we think that the prosecutor's comments were proper, as they simply suggested a permissible inference to be drawn from that evidence. We find no error in the district court's overruling defense objections to these comments.
 
 C. Possession as a Lesser Included Offense
 
 23
 We find no merit in (defendants' contention that, because the testimony showed that they had possessed small amounts of cocaine for personal use, the district judge should have instructed the jury that it could find them guilty of the "lesser included of fense" of simple possession o f cocaine. Defendants argue that the lesser-included-offense instruction should have been given in order that the jury, had it believed defendants' version of the facts and found that there was no conspiracy, could convict them instead of the offense of simple possession of cocaine.
 
 
 24
 We reject defendants' argument for the very simple reason that the crime of possession is not a lesser offense included within the crime for which defendants were indicted, conspiracy to distribute and to possess with the intent to distribute cocaine. See 21 U.S.C. § 846. As the district court noted, possession is not a necessary element of the conspiracy charged; therefore it cannot be a lesser included offense. United States v. Swingler, 758 F.2d 477, 499 (10 Cir. 1983); United States v. Brown, 604 F.2d 557, 560-61 (8 Cir. 1979).[2] Therefore, requiring the jury instruction requested by defendants would have the detrimental effect of subjecting them to an element of jeopardy --a possible conviction for the separate and uncharged offense of simple possession--to which they would not otherwise be exposed. This we decline to do.
 
 
 25
 AFFIRMED.
 
 
 
 [1]
 Defendants contend that Lozon too was prejudiced by the effect of the evidence of Meacham's bad acts. They therefore urge that Lozon's conviction also be reversed on this basis
 
 
 [2]
 An alternative basis for admission of this evidence is Fed. R. Evid. 404(b), which would permit this testimony as "evidence of other crimes, wrongs, or acts" tending to show intent or knowledge. See United States v. DiZenzo, 500 F.2d 263, 265 (4 Cir. 1974); United States v. Bice-Bey, 701 F.2d 1036, 1089 (4 Cir. 1983). Because the defense was based on the notion that the transactions in question, involving large amounts of cash, were in reality innocent business and investment activities, evidence tending to show the defendants substantial knowledge of drug sources and the like would be admissible under Rule 404(b). As the district judge stated, in the context of the relevance of Meacham's cross-examination testimony:
 I have not one doubt in the world that, where two men are accused of having been in a conspiracy to distribute cocaine, that, for the government to demonstrate and [sic] eminent knowledge of cocaine sources in past years is utterly and completely relevant.
 
 
 [2]
 Defendants' reliance on United States v. Levy, 703 F.2d 791 (4 Cir. 1983) is misplaced. Levy held that a jury instruction on the lesser included offense of possession of cocaine should have been granted. The crime charged in Levy, however, was possession with intent to distribute; simple possession is obviously a necessary element of that crime and therefore was properly defined as a lesser included offense