**UNITED STATES of America, Appellee,**

v.

**Bruce Timothy MAICHLE, Appellant.**

No. 88–1428.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 20, 1988.

Decided Nov. 1, 1988.

Bruce W. Simon, Kansas City, Mo. (Appointed), for appellant.

Linda L. Parker, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before JOHN R. GIBSON, WOLLMAN and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

Bruce Timothy Maichle was convicted of conspiracy to distribute cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and sentenced to a prison term of twelve years and a special assessment of $50. For reversal, Maichle argues that the district court [1] erred in (1) admitting evidence that he negotiated a deal to obtain cocaine and sold marijuana prior to the date of the crimes charged and (2) ruling that, if Maichle testified, the court would permit the government to impeach Maichle with a March 22, 1976 conviction for possession of methamphetamine. We find that the district court did not abuse its discretion in admitting the prior acts testimony and ruling that it would permit the government to impeach Maichle with a prior conviction. Accordingly, we affirm.

On May 17, 1987, the Drug Enforcement Administration arrested Maichle after he picked up a package containing 995 grams of seventy-two percent pure cocaine at the Kansas City International Airport. Maichle claimed that one Kent Steele was paying him $2,000 to deliver the package to the Shawnee Golf Course. Maichle agreed to deliver the package in accordance with the alleged agreement and to be accompanied by law enforcement officers as he did so. After Maichle delivered the package, however, no one retrieved it. The Drug Enforcement Administration later discovered that Kent Steele had not been in the Kansas City area since the fall of 1986.

At trial, Nan Wing, a former employee at Maichle's two delicatessens, testified to Maichle's prior drug-related activities. She testified that during her employment with Maichle she heard him make a deal to obtain crack cocaine. She also testified that

---

1. The Honorable Scott O. Wright, Chief Judge, United States District Court for the Western District of Missouri.

she heard Maichle tell his wife, Patty, to go home to get marijuana and to get money to pay for marijuana. Wing accompanied Patty to the Maichle home on several occasions, where she observed Patty weigh and bag marijuana. Upon returning to the delicatessen, Patty, Maichle, and the person waiting for the marijuana would go into the delicatessen office. Wing testified that she observed Patty leave the office, leaving Maichle and the buyer alone.

The district court ruled prior to trial that if Maichle testified, it would allow impeachment regarding a 1976 guilty plea to possession of methamphetamine. Maichle then elected not to testify.

## I.

 Maichle contends that Nan Wing's testimony regarding his prior acts should have been excluded inasmuch as it was irrelevant and more prejudicial than probative. The government responds that Wing's testimony was admissible to prove Maichle's intent.

We will not disturb a district court's rulings admitting evidence unless the appellant clearly shows that the evidence had no bearing on any issue involved. *United States v. Galyen*, 798 F.2d 331, 332 (8th Cir.1986). Maichle has failed to make such a showing.

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts may be admissible for purposes other than to prove character, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or accident." Evidence of other acts is admissible to prove intent "if there is a material issue as to intent, and if the proffered evidence is relevant to that issue, is clear and convincing,[2] relates to a wrongdoing similar in kind and reasonably close in time to the charge at trial, and is more probative than prejudicial." *United States*

*v. Burkett*, 821 F.2d 1306, 1309 (8th Cir. 1987).

We conclude that Wing's testimony was admissible. First, intent is an essential element of conspiracy to distribute a controlled substance and possession with intent to distribute, *see* 21 U.S.C. §§ 841(a)(1), 846, and therefore was a material issue in this case. Second, testimony of prior drug transactions is admissible to prove that a defendant acted knowingly and intentionally. *Cf. United States v. Nichols*, 808 F.2d 660, 663 (8th Cir.), *cert. denied*, ––– U.S. –––, 107 S.Ct. 1976, 95 L.Ed.2d 816 (1987). Third, Wing testified to drug-related activities that were similar in kind to the activities Maichle was charged with committing. Fourth, Maichle's prior activities were reasonably close in time (two years) to the charged offenses. *See Burkett*, 821 F.2d at 1309–10 (seven-year gap between offenses); *United States v. Moeckly*, 769 F.2d 453, 464 (8th Cir.1985) (four-year gap between offenses), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1196, 89 L.Ed.2d 311 (1986). Last, although Wing's testimony does not favor Maichle, it does not rise to the level of being so prejudicial as to outweigh its probative character.

Whether Maichle had intent to distribute cocaine was a material issue at trial. Maichle disavowed any intention of keeping the package of cocaine, relating instead his purpose of merely delivering the package to a third party. Wing's testimony tended to establish that, just as Maichle intended to distribute marijuana when he possessed it, he intended to distribute cocaine when he possessed it. The evidence regarding Maichle's prior acts is thus distinguishable from the prior acts evidence in our recent decision of *United States v. Mothershed*, 859 F.2d 585 (8th Cir.1988), in which we found that the prior acts evidence could only have been used to show that the defendant had a propensity to commit the

**2.** The Supreme Court recently held that similar act evidence should be admitted if there is "sufficient evidence to support a finding by the jury that the defendant committed the similar act." *See Huddleston v. United States*, ––– U.S. –––,

108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988). In any event, we find that the district court did not err in determining that the evidence of Maichle's drug-related activities was clear and convincing.

crime. Because Wing's testimony tended to demonstrate the presence of the requisite intent, it was properly admitted.

## II.

■ Maichle contends that the district court improperly ruled that the government would be entitled to impeach him with a conviction that was more than ten years old. Maichle's prior conviction occurred on March 22, 1976; his current indictment was returned on May 18, 1987.

Evidence of a conviction is not admissible for impeachment purposes if a period of more than ten years has elapsed since the date of conviction, "unless the court determines, in the interests of justice, that the probative value of the conviction * * * substantially outweighs its prejudicial effect." Fed.R.Evid. 609(b).

■ "The weighing of probative value against prejudicial effect [under Rule 609(b)] is committed to the sound discretion of the trial court." *United States v. Holmes*, 822 F.2d 802, 804 (8th Cir.1987) (quoting *United States v. Foley*, 683 F.2d 273, 278 (8th Cir.), *cert. denied*, 459 U.S. 1043, 103 S.Ct. 463, 74 L.Ed.2d 613 (1982)). We will not overturn the trial court's evidentiary rulings unless there has been an abuse of discretion. *Id.*

The district court reasonably could have found that the probative value of the impeachment evidence was substantial. Maichle told the arresting officers that he was picking up the package for Kent Steele, that he did not know the package contained cocaine, that he was supposed to hide it under a bush at a golf course, and that he was going to receive $2,000 for the delivery. As indicated earlier, however, no one arrived to pick up the package, and it was determined that Kent Steele had not been in the area since the fall of 1986. Maichle's credibility was thus a significant factor, and the district court therefore did not abuse its discretion in ruling that the prior conviction would be admitted.

The judgment of conviction is affirmed.