**UNITED STATES of America, Appellee,**

v.

**Charles S. BROWN, Jr., Appellant.**

**No. 91–2139.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1991.

Decided Feb. 7, 1992.

Richard E. McFadin, Kansas City, Mo., argued (F.A. White, Jr., on the brief), for appellant.

Mark A. Miller, Kansas City, Mo., argued, for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

As part of a twenty-six count indictment against several individuals, Charles S. Brown was charged with conspiracy to possess with the intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (1988), conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (1988), and interstate travel in aid of racketeering in violation of 18 U.S.C. §§ 2, 1952 (1988). A jury found Brown guilty of all three charges. The district court sentenced Brown to concurrent sentences of ten years' imprisonment for each conspiracy count and five years' imprisonment for the interstate travel in aid of racketeering count. Brown appeals his convictions, alleging that insufficient evidence existed to support them and that the trial court improperly admitted evidence regarding his other bad acts and prior convictions. We affirm.

## I.  BACKGROUND

A detailed review of the intricate facts in this case is not warranted. Instead, a brief summary, augmented as specific issues are addressed in this opinion, will suffice. To support the accusations against Brown, the prosecution presented several witnesses, some of whom were involved in the charged conspiracies. The witnesses testified that Bill Wayne Price and John E. Snowden operated a large-scale cocaine and marijuana importation and distribution enterprise in Kansas City, Missouri, between the fall of 1985 and October 1987. Price had ties with a drug source in Mexico, and Snowden owned a trucking and repair company in Kansas City named K Enterprises. Snowden agreed to use his trucks to transport drugs from the Mexican–American border near Brownsville, Texas. The cocaine and marijuana were stored at and sold from K Enterprises' business premises.

The prosecution witnesses also testified about Brown's involvement in the illegal conspiracies. Their testimony revealed that Brown had purchased large quantities of cocaine and marijuana on multiple occasions from Price and Snowden. Brown's involvement in the conspiracies, however, extended beyond merely purchasing large amounts of drugs. The prosecution witnesses further testified that in December 1985, Price and Snowden directed Randy Pitts, a K Enterprises employee involved in the conspiracy, to deliver a cash payment to a man named Isabel, who represented the conspiracy's drug source. Snowden gave Pitts a locked briefcase, which he stated was filled with money. He told Pitts that Price had arranged for Brown to fly him to Texas. Pitts met Brown and a third person, whom Pitts did not know, at the downtown airport in Kansas City. Brown flew the three of them to Brownsville, Texas, where Brown and Pitts attempted without success to contact Isabel. Later that month, on Christmas Eve, Pitts again met Brown at the downtown airport

and Brown flew Pitts to either Houston or Brownsville to deliver the money.[1] Two other persons accompanied Brown and Pitts on this flight. The second attempt to deliver the money succeeded. Pitts met Isabel in an airport bar and gave him the briefcase. Brown and the others were roaming around the bar when the transaction occurred.

Brown testified in his own defense and denied any involvement or knowledge of the criminal activities which the prosecution witnesses described. He specifically denied purchasing either cocaine or marijuana from Price and Snowden. Although Brown admitted that he twice flew to Texas with Pitts, he claimed that on both occasions, he never saw Pitts with a briefcase, never was aware that Pitts had a large sum of money with him, and never flew the plane. According to Brown, a third person named Ed Baton flew the plane on each trip. Brown, directly or indirectly, accused several prosecution witnesses of lying, including Pitts and Snowden. In addition, Brown presented a witness who corroborated certain parts of his testimony, in particular, his testimony concerning the flight on Christmas Eve.

## II. DISCUSSION

### A. Sufficiency of the Evidence

■ Brown first argues that the district court erred in refusing to grant his motion for judgment of acquittal or, in the alternative, a new trial. Brown asserts that the evidence against him was insufficient as a matter of law to support his convictions and that, even if technically sufficient, the jury's verdict still was contrary to the weight of the evidence. We disagree.

In reviewing Brown's motion for acquittal, we must affirm his convictions "if, viewing the evidence in the light most favorable to the government and giving the government the benefit of all reasonable inferences, ... a reasonable fact-finder could have found guilt beyond a reasonable doubt." *E.g., United States v. Foote,* 898

F.2d 659, 663 (8th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 112, 112 L.Ed.2d 81 *and* —— U.S. ——, 111 S.Ct. 342, 112 L.Ed.2d 307 (1990). The government's evidence against Brown was mainly testimonial. Viewing the testimony in a light most favorable to the government, the government witnesses established every element of each offense charged against Brown.

■ To show a conspiracy in violation of 21 U.S.C. § 846, the government must show that the defendant entered into an agreement with at least one other person, with the objective to violate federal narcotics law. *E.g., Foote,* 898 F.2d at 663. Once a conspiracy is shown, even slight evidence linking the defendant to the conspiracy is sufficient to support a conviction. *E.g., id.* In this case, there was more than slight evidence of Brown's participation in an illegal conspiracy. According to the testimony of various government witnesses, Price and Snowden operated a large-scale drug distribution enterprise and Brown was closely connected with it. The witnesses specifically testified that Brown had purchased large quantities of cocaine and marijuana from Price and Snowden on multiple occasions.

■ To demonstrate a violation of 18 U.S.C. § 1952, commonly known as the Travel Act, as charged in this case, the government must show that Brown engaged in interstate travel with the intent to carry on or facilitate the carrying on of an unlawful activity and committed an overt act in performing or attempting to perform the unlawful activity. *See Spinelli v. United States,* 382 F.2d 871, 893 (8th Cir. 1967), *rev'd on other grounds,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The government witnesses testified that Brown twice transported Pitts across state lines and that on the second trip, Pitts delivered a cash payment to a representative of the conspiracy's drug supplier. Although Brown claims the government presented no direct evidence that he knew

1. Pitts testified on direct examination that the second flight's destination was Brownsville, but later on cross-examination, he testified that the destination was Houston. Trial Transcript, vol. I, at 43, 60.

about the payment, the jury reasonably may infer from Brown's participation in the conspiracy that he knew the purpose of the flights to Texas. Brown also argues that the government failed to demonstrate a business enterprise, that is, a continuous course of conduct, as the Travel Act requires. *See United States v. Krevsky*, 741 F.2d 1090, 1094 (8th Cir.1984). The testimony, however, established that the trips to Texas were not isolated incidents, but instead were part of an on-going drug distribution enterprise. Price and Snowden had a well-established relationship with their drug source, receiving shipments from it on several occasions. Delivery of the cash payment to Isabel helped to maintain that relationship.

■ In reviewing Brown's alternative motion for a new trial, we must affirm the district court's denial unless the denial was a clear and manifest abuse of discretion. *United States v. Lanier*, 838 F.2d 281, 284–85 (8th Cir.1988); *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir.1980). In contrast to a motion for acquittal, here the district court need not view the evidence in a light most favorable to the government, but may instead weigh the evidence and evaluate the credibility of the witnesses. *Id.* The district court should grant a new trial "only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." *Lanier*, 838 F.2d at 284–85.

We do not believe the district court abused its discretion in denying Brown's motion for a new trial. As discussed above, the testimony of the government witnesses was more than sufficient to support Brown's convictions. The fundamental issue, therefore, is the credibility of the witnesses. Although many of the government witnesses were involved in illegal activities and testified in return for leniency, this does not render their testimony so suspicious that the district court abused its discretion in failing to rule that a miscarriage of justice may have occurred.

B. *Other Bad Acts*

■ Brown next claims that the district court erroneously admitted evidence re-garding various other bad acts committed by him. *See* Fed.R.Evid. 404(b). Specifically, Brown objects to the admission of evidence concerning four incidents: a small sale of cocaine, two large purchases of marijuana from a drug supplier not involved in the conspiracy, and a 1990 conviction for possession of cocaine. We initially note that Brown's small sale of cocaine occurred in the fall of 1985, within the period of the charged conspiracy. Evidence of the sale, therefore, is not other bad acts evidence, but, instead, is direct evidence of the charged crime and is admissible as such. *United States v. Jones*, 880 F.2d 55, 59 (8th Cir.1989). Consequently, only the admissibility of the evidence concerning the other three incidents implicates Federal Rule of Evidence 404(b).

■ Rule 404(b) is a rule of inclusion rather than exclusion, and permits admission of evidence that is relevant to any issue at trial, unless the evidence relates only to the defendant's criminal disposition. *E.g., United States v. Dobynes*, 905 F.2d 1192, 1195 (8th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 206, 112 L.Ed.2d 167 (1990). The district court has broad discretion in deciding whether the probative value of evidence concerning other crimes or wrongs substantially outweighs its prejudicial effect and we review the district court's decision only for abuse of discretion. *E.g., id.*

■ We do not believe that the district court abused its discretion. The evidence concerning Brown's purchases of marijuana and his 1990 conviction for possession were directly relevant to important issues at trial. Although Brown purchased the marijuana from a supplier who was not a member of the charged conspiracy, Brown brought Price and the supplier together during the conspiracy in an unsuccessful attempt to broker a merger between them. The government contends that the evidence concerning Brown's drug purchases is admissible, because it places Brown's efforts as a broker in context. In particular, the evidence explains the existing relationship between Brown and the

supplier and, as such, makes the allegation that Brown attempted to broker a merger more plausible. We agree. Brown's efforts as a broker were directly related to the charged conspiracy and the prosecution is entitled to inform the jury about the circumstances and background of a charged crime. *See United States v. Moore*, 735 F.2d 289, 292 (8th Cir.1984). As to Brown's 1990 possession conviction, the government argues that it is relevant to demonstrate that Brown had the intent required to be guilty of the conspiracy charges. We again agree. Evidence of other drug transactions is relevant to demonstrate that the defendant knowingly and intentionally participated in a conspiracy and was not merely an unwitting or uninvolved bystander. *Dobynes*, 905 F.2d at 1195; *United States v. Maichle*, 861 F.2d 178, 180 (8th Cir.1988). Because the evidence concerning Brown's other bad acts was directly relevant to significant issues at trial, we conclude that the district court could reasonably find that the probative value of the evidence substantially outweighed any prejudicial effect.

### C. *Prior Convictions*

Brown's last claim is that the district court erroneously permitted the prosecution to impeach his testimony with three prior convictions: the 1990 conviction for possession of cocaine, a 1974 conviction for distribution of marijuana and another drug,[2] and a 1969 conviction for burglary. *See* Fed.R.Evid. 609(b). We need not address the merits of Brown's objections to the admission of the 1990 and 1974 convictions because Brown failed to preserve these objections for review. Before trial, Brown moved to exclude evidence concerning his prior convictions and the district court denied the motion shortly before the close of the government's case. At trial, instead of renewing his objection, Brown testified about the 1990 and 1974 convictions on direct examination. This court has specifically held that such a tactic precludes review on appeal. *United States v. Vega*, 776 F.2d 791, 792 (8th Cir.1985);

*United States v. Johnson*, 720 F.2d 519, 522 (8th Cir.1983), *cert. denied*, 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984). Thus, the only issue on appeal is the admissibility of Brown's 1969 burglary conviction.

Although the admissibility of the 1969 conviction is a close question, we do not believe that the district court abused its discretion. Federal Rule of Evidence 609(b) does not preclude admission of convictions older than ten years, it merely restricts their admissibility. Such evidence is admissible if its probative value supported by facts and circumstances substantially outweighs its prejudicial effect. Fed. R.Evid. 609(b); *United States v. Keene*, 915 F.2d 1164, 1169 (8th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1001, 112 L.Ed.2d 1084 (1991). As with the admissibility of other evidence, the district court has broad discretion in deciding whether to admit evidence of an older conviction and its decision is reviewable only for abuse of discretion. *E.g., id.*

Once again, we conclude that the district court did not abuse its discretion. In the present case, the jury essentially had to choose between one version of events presented by the government's witnesses and another version presented by the defendant's. Under these circumstances, the credibility of the various witnesses was necessarily a critical factor in the jury's choice. Brown's 1969 burglary conviction, therefore, was highly probative as impeachment evidence. *See United States v. Holmes*, 822 F.2d 802, 805 (8th Cir.1987). We thus conclude that the district court could reasonably find that the probative value of the burglary conviction substantially outweighed any prejudicial effect.

### III. CONCLUSION

For the reasons stated above, we affirm Brown's convictions.

---

**2.** Brown testified that he had sold "something called pennyacylic." Trial Transcript, vol. II, at 160. The record does not clarify whether Brown meant phencyclidine (PCP) or some different drug.