**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1206

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Steve W. Holloway, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 10, 1997

Filed: November 12, 1997

_____

Before WOLLMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Steve H. Holloway appeals his conviction of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to provide a controlled substance to an inmate in a federal prison, in violation of 18 U.S.C. § 371. We affirm.

# I.

In late 1995, authorities at the United States Penitentiary at Leavenworth, Kansas, obtained information that an inmate was intending to smuggle drugs into the prison. Monitored phone calls suggested that Bruce Pompey was arranging to smuggle narcotics into the institution through Holloway, then an inmate at Leavenworth, and a female. On December 7, 1995, corrections officers observed a suspicious visit between Holloway, an inmate at Leavenworth, and Michelle Brown in the prison's visiting area. After observing activity consistent with a drug exchange, officers took Holloway to a dry cell.[1] After Holloway defecated, corrections officers removed several balloons from the fecal matter. Lieutenant Jimmy L. Moore questioned Holloway regarding the contents of the balloons. Holloway admitted, and tests later confirmed, that the balloons contained black tar heroin.

On January 2, 1996, Special Agent Conway, an investigating FBI agent, questioned Holloway about the incident. During the interrogation, Holloway admitted his involvement, with others, in an attempt to smuggle heroin into the penitentiary. After pretrial hearings, the district court[2] denied Holloway's motions to suppress the heroin, his admissions to investigators, and the statements of his co-conspirators, and denied a pretrial motion to require the government to elect between two conspiracy charges. Following a jury trial, Holloway was convicted on all counts and sentenced to 71 months' imprisonment.

---

[1]A dry cell is an area used by corrections officials to prevent disposal of contraband. The cell contains no running water or lavatory facilities.

[2]The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

**II.**

Holloway contends that the district court erred in denying his motions to suppress physical evidence and his incriminating statements. We review the denial of a motion to suppress de novo. See United States v. Weinbender, 109 F.3d 1327, 1329 (8th Cir. 1997). The district court's factual findings are reviewed under a clearly erroneous standard. Id.

Holloway challenges the district court's admission of his confession to Conway. At the first of two meetings between Holloway and FBI agents, Conway played a taped phone conversation which implicated Holloway's sister. After declining to speak to the agents at that time, Holloway later requested a second meeting with Conway. At this second meeting Conway advised Holloway of his Miranda rights. Holloway acknowledged that he understood his rights, expressed his desire to make a statement, and explained his role in the botched plan.

A waiver of Miranda rights is invalid if, in the totality of the circumstances, the accused's will was overborne. See United States v. Makes Room, 49 F.3d 410, 414 (8th Cir. 1995). Whether or not Holloway effectively waived his rights is a question of fact subject to clearly erroneous review. United States v. Ingram, 839 F.2d 1327, 1329 (8th Cir. 1988). The voluntariness of Holloway's confession is reviewed de novo. United States v. Mendoza, 85 F.2d 1347, 1350 (8th Cir. 1996). The district court's finding that Holloway knowingly and intelligently waived his Miranda rights was not clearly erroneous. Additionally, the totality of the circumstances supports the district court's finding that Holloway's statements were voluntary. While Holloway may have been concerned about his sister, Conway did not pursue the issue after he played the tape for Holloway.

Holloway also argues that the events surrounding his dry cell incarceration resulted in an illegal search and seizure of the heroin-filled balloons. For the purposes

of this case, we will assume, without holding, that the dry cell procedures in question implicate the Fourth Amendment. Because of the government's interests in maintaining a safe and orderly institution, prisoners have a limited expectation of privacy while incarcerated. See Hudson v. Parker, 468 U.S. 517, 527-28 (1984). Absent substantial evidence that the dry cell procedures were an "exaggerated response to the perceived security concerns," we give considerable deference to prison administrators on matters concerning prison security. Franklin v. Lockhart, 883 F.2d 654, 657 (8th Cir. 1989) (visual body cavity searches of segregated prison inmates held reasonable). While the dry cell procedures were undoubtedly intrusive, the related search was reasonable. The investigators possessed reliable information that Holloway intended to smuggle drugs into the prison and observed Holloway and Brown's suspicious activity in the visiting room. This information warranted the officers' proportionate response to their suspicion that Holloway was carrying contraband.

Over Holloway's objection, the district court admitted testimony of two of Holloway's co-conspirators, Carla Fuller and Michelle Brown, concerning out-of-court statements made by Bruce Pompey (although Holloway also takes issue with the testimony of another co-conspirator, Alicia Pompey, the record does not reflect any pertinent objections). Statements offered against a party made by a co-conspirator "during the course and in furtherance of the conspiracy" are not hearsay. Fed. R. Evid. 801(d)(2)(E).

Holloway contends that the district court failed to comply with the procedures set forth in United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978), regarding the admission of the co-conspirator statements. The record reflects that at the time the government offered the testimony, the district court made a Bell finding and overruled Holloway's objection. At the close of the government's evidence, the district court made a finding that the government had made a sufficient showing of a conspiracy to warrant admitting the statements. We therefore conclude that the district court

substantially complied with the <u>Bell</u> holding.  <u>See</u> <u>United States v. Roulette</u>, 75 F.3d 418, 424-25 (8th Cir. 1996).

Holloway next contends that the district court should not have admitted incriminating statements Holloway made to corrections officers while in the dry cell because they were obtained in violation of Bureau of Prisons regulations and of the Fifth Amendment.

Given the overwhelming evidence of Holloway's guilt, any error in admitting the statements was harmless beyond a reasonable doubt.  In addition to the challenged statements, the jury was presented with evidence concerning the heroin-filled balloons, the testimony of corrections officers who observed the transfer, the testimony of Holloway's co-conspirators, and Holloway's untainted confession to Conway.  Thus, the challenged statements added little to the prosecution's case.  <u>See</u> <u>United States v. Moore</u>, 872 F.2d 251, 252 (8th Cir. 1989).  <u>See</u> <u>also</u> <u>Arizona v. Fulminante</u>, 499 U.S. 279, 310 (1991).

Holloway contends that the evidence failed to establish his knowing participation in an illegal agreement.  In reviewing such a claim, we view the evidence "in a light most favorable to the verdict and accept all reasonable inferences supporting the conviction." <u>United States v. Lucht</u>, 18 F.3d 541, 552 (8th Cir. 1994).  "We reverse only if we conclude that a reasonable fact-finder must have entertained a reasonable doubt about the government's proof of one of the offense's essential elements."  <u>Id.</u>  In order to convict a defendant of conspiracy, the government must prove beyond a reasonable doubt that there was an agreement to achieve some illegal purpose, the defendant knew of the agreement, and that the defendant knowingly became a party to the conspiracy. <u>See</u> <u>id.</u>  Once a conspiracy has been proven, the government need only show slight evidence linking the defendant to a conspiracy to support a conviction.  <u>See</u> <u>id.</u>  It is clear from the account of the evidence set forth above that Holloway's knowing participation in the illegal agreement was more than adequately established.

Holloway contends that the district court erred when it denied his motion to require the government to elect between the two conspiracy counts, arguing that the two counts violated the double jeopardy principles set forth in Blockburger v. United States, 284 U.S. 299 (1932). In Blockburger, the Supreme Court held that whenever the "same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Id. at 304.

Although Holloway contends that both of the conspiracy charges essentially require proof of identical facts, a close examination of the charges and their underlying offenses disproves his contention. Count One alleged a conspiracy to possess with intent to distribute and to distribute a controlled substance, a violation of 21 U.S.C. § 846. The underlying offense included possession with intent to distribute and distribution of a controlled substance, a violation of 21 U.S.C. § 841(a)(1). Count One required the government to prove that an agreement to possess with intent to distribute and distribute a controlled substance was reached, that Holloway voluntarily and intentionally joined in the agreement, and that Holloway knew the purpose of the agreement. Count Three alleged a conspiracy to commit an offense against the United States, a violation of 21 U.S.C. § 371. The underlying offense was attempting to provide a prohibited object to a federal inmate, a violation of 18 U.S.C. § 1791(a)(1). To convict Holloway under this count, the government was required to prove that an agreement to provide a prohibited object to a federal inmate was reached, that Holloway voluntarily and intentionally joined in the agreement, that Holloway knew the

purpose of the agreement, and that one of the co-conspirators did one or more overt acts in furtherance of the conspiracy.

A single transaction comprising a conspiracy can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause. Albernaz v. United States, 450 U.S. 333, 339-40 (1981) (holding that a single conspiracy which included both importation and distribution of marijuana could be charged as two distinct offenses). In this case, the underlying offense to Count One, unlike that of Count Three, required the knowing and unlawful possession of a controlled substance. Count Three, on the other hand, required proof of an overt act and the presence of a scheme to provide a prohibited object to a federal inmate. Reciprocally distinguishable and independent conspiracies, regardless of their overlapping goals, do not offend Blockburger principles. American Tobacco Co. v. United States, 328 U.S. 781 (1946).

Holloway's final contention is that he was entitled to a downward departure in sentencing as a minor participant pursuant to U.S.S.G. § 3B1.2. A minor participant is defined as "any participant who is less culpable that most other participants, but whose role could be described as minimal." U.S.S.G. § 3B1.2, comment. (n.3). We review the district court's denial of a section 3B1.2 sentencing reduction under a clearly erroneous standard. See Lucht, 18 F.3d at 555. The district court did not err in finding that Holloway was not a minor participant. See United States v. Thompson, 60 F.3d 514, 517 (8th Cir. 1995).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.