# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3936

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *   Appeal from the United States
      v.                           *   District Court for the
                                   *   Northern District of Iowa.
Raydell Lacey, also known as Lacey, *
also known as Camile, also known as *
Raydell Laye Lacey, also known as  *
Raydell F. Lacey,                  *
                                   *
            Appellant.             *

_____

Submitted:  April 11, 2000

Filed:  July 19, 2000

_____

Before WOLLMAN, Chief Judge, MURPHY, Circuit Judge, and GOLDBERG,[1] Judge.

_____

WOLLMAN, Chief Judge.

_____

[1]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

Raydell Lacey appeals from her conviction for conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846 and from the district court's[2] denial of her motion for a mistrial. We affirm.

**I.**

On September 25, 1995, Cedar Rapids, Iowa, police officers obtained a warrant to search an apartment shared by Lacey and Kelvin Knight. Much of the information used to procure the warrant was provided by Sue Zieser Perkins (Zieser), a confidential informant who made a controlled drug buy from Lacey and provided police with additional information regarding Lacey's alleged drug activity. Later that day, officers executed the warrant and discovered cocaine, crack cocaine, a pager, a glass tube with residue consistent with the production of crack cocaine, and other drug packaging and use paraphernalia. Lacey and Knight were charged with possession with intent to distribute cocaine and crack cocaine and conspiracy to distribute these substances.

Lacey was tried before a jury in August of 1998. Among the government's witnesses was Zieser. The government failed to inform Lacey prior to trial that Zieser was the confidential informant used to secure the September 1995 warrant, and during direct examination Zieser testified only about other drug purchases that she had made from Lacey, making no specific mention of the controlled buy. As a result, Lacey did not learn of Zieser's cooperation with the police until a sidebar conference during Lacey's cross-examination of Zieser. Upon learning of this information, Lacey moved for a mistrial.

The court deferred ruling on Lacey's motion and proceeded with trial. The jury convicted Lacey of conspiracy to distribute cocaine and crack cocaine but failed to

---

[2]The Honorable Michael J. Melloy, then Chief Judge, United States District Court for the Northern District of Iowa.

reach a verdict on the possession with intent charge. Lacey then moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure and for a new trial under Rule 33, asserting in each motion that there was insufficient evidence to support her conviction. The court denied Lacey's motion for a mistrial and her Rule 29 and Rule 33 motions and sentenced her to 121 months' imprisonment and eight years' supervised release. This appeal followed.

## II.

Lacey first contends that the district court improperly denied her motion for a mistrial. She argues that the government's failure to disclose Zieser's cooperation with the police hindered her ability to impeach Zieser's credibility, thus violating her Sixth Amendment right to confrontation and warranting a declaration of mistrial. We may reverse a district court's denial of a motion for a mistrial only if the denial was an abuse of discretion that clearly prejudiced the moving party. United States v. Van Chase, 137 F.3d 579, 583 (8th Cir. 1998).

"The Confrontation Clause of the Sixth Amendment guarantees to a defendant the opportunity for effective cross-examination of witnesses against [her], including inquiry into the witnesses' motivation and bias." United States v. Triplett, 104 F.3d 1074, 1079 (8th Cir. 1997) (quoting United States v. Willis, 997 F.2d 407, 415 (8th Cir. 1993)). This guarantee is not without limitation, however, as district courts "retain wide latitude . . . to impose reasonable limits on cross-examination when they have concerns about harassment, prejudice, confusion of the issues, a witness's safety, or interrogation that is repetitive or only marginally relevant." United States v. Stewart, 122 F.3d 625, 626-27 (8th Cir. 1997). The Confrontation Clause is thus violated only "when the defendant shows '[s]he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness.'" United States v. Boykin, 986 F.2d 270, 276 (8th Cir. 1993) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 680 (1986)).

We conclude that Lacey was not improperly prohibited from effectively cross-examining Zieser. Although the government failed to disclose Zieser's police involvement prior to trial, once that fact was disclosed the court halted the trial and ordered the government to produce all police reports regarding Zieser's involvement in this case and in any other drug investigation. The court then conducted an in camera review of these materials and disclosed to Lacey all information pertaining to her case, as well as all relevant information regarding Zieser's cooperation in an unrelated investigation.[3] Following this disclosure, Lacey's counsel was given the opportunity to question Zieser regarding these matters but declined to do so. Thus, the Confrontation Clause was satisfied. See Van Arsdall, 475 U.S. at 679 ("[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination . . . ." (citation omitted) (emphasis in original)); United States v. Ortega, 150 F.3d 937, 941 (8th Cir. 1998).

Particularly instructive on this point is our ruling in Boykin. See 986 F.2d at 276-77. There, we held that the government's failure to initially disclose information showing that a government witness may have perjured himself did not violate the Confrontation Clause because the defendant was eventually given the opportunity to confront the witness with this information at trial. See id. We reasoned that "[the witness's] perjury was revealed before the trial was over, he was recalled to the witness stand, and [the defendant] 'had the opportunity to expose to the jury the facts that would allow the jury to draw inferences regarding [the witness's] credibility.'" Id. at 277 (quoting United States v. Simmons, 964 F.2d 763, 770 (8th Cir. 1992)). The same is true here: Lacey learned of Zieser's police cooperation at the close of her cross-examination of Zieser and the court gave Lacey's counsel the opportunity to recall Zieser to the stand and question her regarding these matters. Thus, Lacey cannot

---

[3]The district court withheld the specific details of the unrelated investigation in which Zieser assisted because it found that they were not relevant to any bias or improper motivation that Zieser may have had. Lacey does not contest this ruling.

now claim that she was "prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness." Boykin, 986 F.2d at 276 (quoting Van Arsdall, 475 U.S. at 680).

In a related argument, Lacey asserts that the government failed to tender to the district court all existing evidence regarding Lacey's police cooperation and thus violated the disclosure requirements of Brady v. Maryland. See 373 U.S. 83, 87 (1963) (requiring government to provide defendant with evidence material to defendant's guilt or punishment). We disagree. Brady requires the government to disclose to a defendant only evidence that is in the government's possession or that of which the government is aware. See United States v. Turner, 104 F.3d 217, 220 (8th Cir. 1997); United States v. Jones, 34 F.3d 596, 599-600 (8th Cir. 1994). Here, there is no evidence that there exists any information regarding Lacey's police cooperation other than that which was given to the district court at trial. Thus, the dictates of Brady were not violated.

In light of the sequence of events at trial, we conclude that the district court did not abuse its discretion in denying Lacey's motion for a mistrial.

## II.

Lacey also contends that her conviction is not supported by sufficient evidence and thus that the district court improperly denied her Rule 29 and Rule 33 motions. We turn first to Lacey's Rule 29 motion for judgment of acquittal. In reviewing a district court's denial of a motion for acquittal based on the insufficiency of the evidence, we view the evidence in the light most favorable to the verdict and will reverse only if no reasonable jury could have found beyond a reasonable doubt that the defendant is guilty of the offense charged. See United States v. Scott, 91 F.3d 1058, 1061 (8th Cir. 1996). To be guilty of conspiracy, a defendant must be shown to have knowingly entered into

an agreement with at least one other person to violate the law. See United States v. Holloway, 128 F.3d 1254, 1257 (8th Cir. 1997).

After reviewing the record, we are satisfied that there is ample evidence to support a jury finding that Lacey entered into an agreement with Knight to distribute controlled substances. A search of the residence shared by Lacey and Knight revealed more than 5 grams of crack cocaine, 53 grams of cocaine, and various items of drug trafficking paraphernalia. In addition, Zieser testified that Knight would often deliver drugs that Zieser previously had agreed via telephone to purchase from Lacey. Tally Morales and Ted Hinrichsen offered similar testimony linking Knight and Lacey together in a joint venture to distribute cocaine and crack cocaine. Lacey attacks the credibility of these witnesses, but in considering a motion for acquittal we defer to the jury's assessment of witness credibility, and here the jury deemed them credible. See Scott, 91 F.3d at 1062; United States v. Brown, 956 F.2d 782, 785-86 (8th Cir. 1992). Thus, based on the foregoing evidence, we cannot conclude that no reasonable jury could have found Lacey guilty of conspiring to distribute cocaine and crack cocaine. Accordingly, the district court properly denied Lacey's motion for acquittal.

We turn next to Lacey's Rule 33 motion for a new trial. A district court may grant a new trial for insufficiency of the evidence "only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." Brown, 956 F.2d at 786 (quoting United States v. Lanier, 838 F.2d 281, 284-85 (8th Cir. 1988)). In making this determination, the court need not view the evidence in the light most favorable to the government, but may instead weigh the evidence and evaluate for itself the credibility of the witnesses. See Brown, 956 F.2d at 786. We review the denial of a motion for a new trial for a clear and manifest abuse of discretion. See United States v. Goodson, 155 F.3d 963, 967 (8th Cir. 1998).

Again, after reviewing the evidence, we find no abuse of discretion in the court's denial of Lacey's new trial motion. Although the testimony of Zeiser, Morales, and

Hinrichsen was not without flaw, the cumulative effect of this evidence, together with the contraband discovered during the search of Lacey's and Knight's apartment, satisfies us that no miscarriage of justice has occurred.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.