

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2002

# USA v. Bell

Precedential or Non-Precedential:

Docket 0-4154

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Bell" (2002). *2002 Decisions*. Paper 55.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/55

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 00-4154
_____

UNITED STATES OF AMERICA,


v.

QUINTIN A. BELL,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania

District Court Judge:  The Honorable D. Brooks Smith, Chief Judge

(D.C. Criminal No. 00-cr-00006)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 17, 2002

Before: RENDELL, FUENTES, and MAGILL, Circuit Judges

(Opinion Filed: January 29, 2002)
_____

MEMORANDUM OPINION
_____

FUENTES, Circuit Judge:

Tried before a jury, inmate, Quintin A. Bell, was convicted of unlawful possession of marijuana by an inmate in violation of 18 U.S.C. 1791 (a) (2). Bell was sentenced to a term of fifteen months and a three year term of supervised release. Bell's conviction was the result of an investigation of drug smuggling into the prison facility. On February 2, 2000, prison officials believed that Bell had ingested or secreted a quantity of marijuana during a visit with his wife, Monique Bell. After an initial search yielded no contraband, he was placed into a dry cell where his activities were videotaped and his feces and urine were examined for drugs. Eventually, while in the dry cell, Bell's feces was found to contain Latex, a material commonly used in connection with drug smuggling. Based on a belief that, at one point, Bell had ingested the contents of the Latex material found in his feces, officials obtained three urine samples from Bell. All three tested positive for THC, a metabolite of marijuana.

On appeal, Bell contends that prison officials did not have reasonable suspicion to place him in a dry cell and to search his urine and feces and to videotape his activities while in the cell. Specifically, Bell alleges that since the strip, visual, and body cavity searches conducted on him revealed no contraband, prison officials never possessed the requisite reasonable suspicion to confine and detain him in a dry cell while placing his exercise of bodily functions under surveillance. He maintains, then, that the ensuing search of his feces and urine was unconstitutional, and that the results of those searches should have been suppressed by the District Court.

We conclude that prison officials had a reasonable basis to place Bell in the dry cell and that, because Bell had no reasonable expectation of privacy in his cell, no constitutional rights were violated by the search of his urine and feces. We note that by Bell's own concession, the constitutionality of placing inmates in dry cells has been repeatedly upheld. See, e.g., United States v. Holloway, 128 F.3d 1254, 1256 (8th Cir. 1997). Moreover, we find that under the circumstances leading up to and surrounding Bell's detention, there existed a reasonable suspicion on the part of prison officials, that both warranted and justified the use of the dry cell facility.

We further agree with the District Court's conclusion that "the search of urine and feces removed from Inmate Bell's dry cell did not violate his rights under the Fourth Amendment because he possessed no legitimate expectation of privacy therein". As noted by the District Court:

> Here, the search at issue concerned items removed from Bell's cell. No efforts were taken by prison officials to physically extract from ...Bell's person urine, feces, tissue or any other bodily fluid. Instead prison officials if I may be forgiven this lapse into cliche  simply waited for nature to take its course. Accordingly, under Hudson v. Palmer, 468 U.S. at 526, the search of the urine and feces removed from...Bell's dry cell did not violate his rights under the Fourth Amendment because he possessed no legitimate expectation of privacy therein.

In these circumstances, we discern no error on the part of the District Court. Accordingly, we will affirm Bell's judgment of conviction and the sentenced imposed.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


                                        /s/Julio M. Fuentes
                                        Circuit Judge