# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1234

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Robert Paul Allen, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 11, 2002

Filed: July 1, 2002

_____

Before BOWMAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

After a federal officer interviewing Robert Paul Allen read and explained the standard <u>Miranda</u> warnings, Allen confessed to trafficking in methamphetamine. Allen moved to suppress his incriminating statements and the district court[*] denied Allen's motion. After a jury convicted Allen of distribution of a controlled substance, the district court calculated drug quantity based on Allen's confession and sentenced him to 110 months imprisonment. <u>See</u> 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) (1994

_____

[*]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

& Supp. V 1999). Allen now appeals his conviction and sentence. Having carefully reviewed the record and the parties' submissions, we affirm.

Allen contends the district court improperly denied his motion to suppress because he did not knowingly and intelligently waive his rights to silence and counsel due to his alcohol and methamphetamine intoxication. We review the district court's factual findings for clear error and the denial of the motion to suppress de novo. United States v. Green, 275 F.3d 694, 698 (8th Cir. 2001). Intoxication does not necessarily invalidate a confession. United States v. Turner, 157 F.3d 552, 555-56 (8th Cir. 1998); United States v. Korn, 138 F.3d 1239, 1240 (8th Cir. 1998). Having carefully reviewed the circumstances surrounding Allen's confession, we conclude his will was not overborne and his waiver of rights was knowing and intelligent. Korn, 138 F.2d at 1240. Although the first officers to encounter Allen testified that he appeared to be under the influence of drugs or alcohol, the officers also testified Allen was calm, alert, oriented, and appropriately answered questions. The officer who interviewed Allen about one hour later testified that Allen showed no signs of intoxication. The interviewing officer testified that Allen did not appear nervous, restless, agitated, paranoid or overly-animated (signs of methamphetamine intoxication). Instead, the officer testified that Allen appeared alert, calm, and in control of his mental faculties. Further, the record shows Allen understood the conversation with the interviewing officer. Allen was thirty years old and had earned his G.E.D. Allen asked no questions about his rights, but informed the officer that he recently had been released from prison and knew the "game." After the interviewing officer asked if Allen was willing to cooperate with police investigation, Allen asked to speak to someone with authority to bargain for additional information in exchange for favorable treatment. Allen provided detailed information about his drug trafficking source, customers, procedures, and quantities distributed. Despite Allen's contrary contentions, the testimony of the interviewing officer and the Government's expert do not show that either witness thought Allen was impaired by methamphetamine. The record shows the interviewing officer referred to one of

Allen's comments as crazy not because Allen was impaired but because Allen's comment was unbelievable. The record also shows that contrary to Allen's argument, the Government's methamphetamine expert refused to conclude Allen was mentally impaired based on the levels of methamphetamine and methamphetamine metabolites in Allen's urine. Instead, the expert testified that he could draw no exact conclusions about how much methamphetamine Allen had consumed, when he had consumed it, or how severely the drug would affect Allen. In sum, the district court's factual findings are not clearly erroneous and the court correctly ruled that Allen's incriminating statements were admissible.

Allen also contends the district court improperly denied his motion for a new trial because the jury's verdict was against the weight of the evidence. A district court may grant a new trial for insufficiency of the evidence if the evidence weighed so heavily against the jury's verdict that a miscarriage of justice may have occurred. United States v. Lacey, 219 F.3d 779, 783-84 (8th Cir. 2000). Having reviewed the district court's denial of Allen's motion for a new trial for clear and manifest abuse of discretion, we reject Allen's contention. Id. Allen again challenges his confession, claiming because of his methamphetamine ingestion, the evidence is unreliable and the admission of his statement creates the possibility of a miscarriage of justice. We have already considered and rejected Allen's challenge to his confession. Allen's confession, including details of the people, places, quantities, and procedures involved in his drug distribution operation, reliably supports the jury's verdict. In addition, evidence showed that Allen made twelve different trips from Nebraska to South Dakota for unexplained reasons in less than a month. Each time, Allen stayed in the same budget-conscious motel, paid cash, and received numerous visitors who stayed for about ten minutes each. Allen wired almost $1000 to Nebraska, using cash to pay for the money order, despite the apparent lack of job or other source of income. Also, police discovered several items consistent with methamphetamine consumption in Allen's motel room, including burnt tin foil and a pen casing with methamphetamine residue. We thus conclude the evidence does not weigh so heavily

against the jury's verdict that a miscarriage of justice has occurred. We find no abuse of discretion in the district court's denial of Allen's new trial motion. Id.

Finally, Allen contends the district court's drug quantity determination is mistaken because the quantity is based on Allen's confession. We review a district court's drug quantity determination for clear error, and reverse the determination only if the entire record definitely and firmly convinces us that a mistake has been made. United States v. Gonzalez-Rodriguez, 239 F.3d 948, 953-54 (8th Cir. 2001). Having concluded Allen's statement was knowing and intelligent, the district court properly relied on Allen's statement to calculate drug quantity. Id. Based on Allen's admission that he transported between three and four ounces of methamphetamine on at least three occasions, the district court's determination that Allen distributed ten ounces of methamphetamine is not clear error.

We thus affirm Allen's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-