# United States Court of Appeals

## For the Eighth Circuit

_____

Nos. 16-1299/16-2128

_____

Doris Elizabeth Castro-Vargas

*Petitioner*

v.

Jefferson B. Sessions, III,[1] Attorney General of the United States

*Respondent*

_____

Petitions for Review of Orders of the
Board of Immigration Appeals

_____

Submitted: March 24, 2017
Filed: April 4, 2017
[Unpublished]

_____

Before RILEY, ARNOLD, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

---

[1]Jefferson B. Sessions, III has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Doris Castro-Vargas, a citizen of El Salvador, petitions for review of two decisions of the Board of Immigration Appeals (BIA). We deny the petitions.[2]

At her counseled hearing before an immigration judge (IJ), Castro-Vargas withdrew her application for immigration relief, indicating that, pursuant to an agreement with the Department of Homeland Security (DHS), she would instead accept pre-conclusion voluntary departure and waive appeal. After carefully questioning Castro-Vargas and her counsel regarding her decision, the IJ allowed her to withdraw her application and granted her pre-conclusion voluntary departure. Castro-Vargas failed to depart, and instead filed a pro se appeal with the BIA, arguing, as relevant, that her appeal waiver was not knowing and voluntary. The BIA found the appeal waiver was valid and dismissed her appeal; her petition for review of this order is the subject of No. 16-1299. The BIA denied Castro-Vargas's subsequent motion to reconsider its dismissal; her petition for review of this order is the subject of No. 16-2128.

In this court, Castro-Vargas argues (1) the BIA engaged in prohibited fact-finding, and violated its own rules, when it determined the merits of her challenge to the waiver's validity, instead of remanding the matter to the IJ; (2) the BIA's waiver finding violated her due process right to be meaningfully heard, because the BIA did

---

[2]Because Castro-Vargas raises the constitutional claims that her appeal waiver was not voluntary and that the BIA's waiver finding violated her due process right to be meaningfully heard, we have jurisdiction. See 8 U.S.C. § 1252(a)(2)(D) (declaring that a review of constitutional claims or questions of law raised in a petition is not precluded); United States v. Mendoza-Lopez, 481 U.S. 828, 839-40 (1987) (holding, if an appeal waiver is not considered or intelligent, an alien's removal proceeding violates due process); Tun v. Gonzales, 485 F.3d 1014, 1025 (8th Cir. 2007) (stating that Due Process Clause entitles immigrant to a fair removal hearing where she may "fairly present evidence, offer arguments, and develop the record").

not address her assertions that she was coerced into accepting the waiver by DHS's conduct; and (3) her appeal waiver was not knowing and voluntary.

First, the BIA had authority to determine whether the appeal waiver was valid. See In re Patino, 23 I. & N. Dec. 74, 76 (BIA 2001) (appeal-waiver validity may be challenged by appeal directly to BIA). Second, Castro-Vargas has not demonstrated that the BIA violated her due process rights, as the record shows that the BIA considered and rejected her allegations of coercion. See Lopez v. Heinauer, 332 F.3d 507, 512-13 (8th Cir. 2003) (explaining to establish due process violation, an alien must demonstrate both fundamental procedural error and resulting prejudice). Third, the record shows that the BIA was correct in its determination that Castro-Vargas's appeal waiver was knowing and voluntary. See Malonga v. Holder, 621 F.3d 757, 764 (8th Cir. 2010) (stating administrative findings of fact are reviewed under deferential substantial-evidence standard); cf. United States v. Holloway, 128 F.3d 1254, 1256 (8th Cir. 1997) (holding that whether waiver is knowing and intelligent is a question of fact).

We further conclude the BIA did not abuse its discretion in denying Castro-Vargas's motion for reconsideration. See Strato v. Ashcroft, 388 F.3d 651, 654-55 (8th Cir. 2004). The petitions for review are denied.

_____