**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4048**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

VICTOR LEBRON, a/k/a Victor Labron,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:18-cr-00008-JPJ-PMS-2)

Submitted:  May 24, 2021                         Decided:  July 7, 2021

Before MOTZ, DIAZ, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dana R. Cormier, DANA R. CORMIER, PLC, Staunton, Virginia, for Appellant.  Thomas Cullen, United States Attorney, Kate Rumsey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Lebron appeals his convictions and 180-month, upward variant sentence for conspiracy to commit a crime against the United States—specifically, smuggling suboxone into a United States penitentiary—in violation of 18 U.S.C. §§ 371, 1791(a)(1), (b)(1), (d)(1)(C); conspiracy to distribute and possess with intent to distribute suboxone, in violation of 21 U.S.C. §§ 841(b)(1)(E), 846; possession with intent to distribute suboxone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(E); and making a materially false, fictitious, and fraudulent statement, in violation of 18 U.S.C. § 1011(a)(2). Lebron challenges the sufficiency of the evidence supporting his convictions and the reasonableness of his sentence. We affirm.

Lebron first argues that the guilty verdicts on each count are not supported by sufficient evidence. We review de novo the sufficiency of the evidence supporting a conviction. *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). When a defendant challenges the sufficiency of the evidence, we will sustain the verdict if it is supported by substantial evidence. *Id.* We must uphold a guilty verdict when, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (internal quotation marks omitted). Furthermore, "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." *United States v. Ath*, 951 F.3d 179, 185 (4th Cir.) (alteration and internal quotation marks omitted), *cert. denied*, 140 S. Ct. 2790 (2020). "[R]eversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear."

2

*United States v. Haas*, 986 F.3d 467, 477 (4th Cir. 2021) (internal quotation marks omitted).

In order to prove a conspiracy under 18 U.S.C. § 371 where the underlying offense is a violation of 18 U.S.C. § 1791(a)(1), attempting to provide a prohibited object to a federal inmate,

> the [G]overnment was required to prove that an agreement to provide a prohibited object to a federal inmate was reached, that [defendant] voluntarily and intentionally joined in the agreement, that [defendant] knew the purpose of the agreement, and that one of the co-conspirators did one or more overt acts in furtherance of the conspiracy.

*United States v. Holloway*, 128 F.3d 1254, 1257 (8th Cir. 1997); *see United States v. Rafiekian*, 991 F.3d 529, 547 (4th Cir. 2021) (stating elements of § 371 conspiracy). To establish the charged drug conspiracy under 21 U.S.C. § 846, the Government had to prove "that: (1) an agreement to [distribute and] possess [suboxone] with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy." *United States v. Tillmon*, 954 F.3d 628, 640 (4th Cir. 2019) (internal quotation marks omitted). To sustain a conviction for possession with intent to distribute suboxone, the Government was required to prove beyond a reasonable doubt that Lebron possessed suboxone, that he did so knowingly, and that he had an intent to distribute. *United States v. Penniegraft*, 641 F.3d 566, 572 (4th Cir. 2011); *see United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005) (discussing intent to distribute). Finally, to sustain a conviction for making a materially false statement, "the [G]overnment must prove that: (1) the defendant made a false statement in a matter involving a governmental agency; (2) the defendant acted knowingly

3

or willfully; and (3) the false statement was material to a matter within the jurisdiction of the agency." *United States v. Hamilton*, 699 F.3d 356, 362 (4th Cir. 2012).

Lebron argues on appeal that the Government did not present sufficient evidence of an agreement to support his conspiracy convictions. Next, he asserts that the Government failed to show that his possession of 50 strips of suboxone demonstrated plans for distribution rather than personal consumption. Finally, Lebron contends that the Government failed to establish the materiality of his statement that his coconspirator's visit to the penitentiary in May 2015 was unexpected. Upon our review of the record and considering the evidence in the light most favorable to the Government, we conclude that the evidence supports each of Lebron's convictions.

Lebron next argues that his sentence is procedurally unreasonable. We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id*. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). Ultimately, the court must "set forth enough to satisfy

the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (alterations and internal quotation marks omitted). Where the court addresses the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020).

Lebron argues that the district court failed to address his nonfrivolous arguments for a lower sentence. We disagree. The district court addressed Lebron's main argument that he was being unfairly punished for filing an appeal of his 2017 sentence, which arose from the same events as the instant offenses, stating that Lebron was experienced in the law and understood the consequences of breaching the plea agreement in the 2017 case. The court considered Lebron's troubled upbringing, substance abuse issues, and prior administrative punishment, as well as his argument that the career offender Guidelines range was overly harsh, but explained that those mitigating factors were outweighed by Lebron's criminal history and his continued criminal course of conduct while incarcerated. Ultimately, we are satisfied that the district court considered Lebron's arguments and had a reasoned basis for the sentence it imposed, and we conclude that the sentence is procedurally reasonable.

Where, as here, there is no "significant procedural error," we evaluate the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards

5

set forth in [18 U.S.C.] § 3353(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 382 (2020); *see also Gall*, 552 U.S. at 59-60. When the district court imposes an above-Guidelines sentence, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Howard*, 773 F.3d 519, 529 (4th Cir. 2014) (internal quotation marks omitted).

Lebron argues that his 180-month sentence is substantively unreasonable because this prosecution arose out of the same course of conduct for which he was separately prosecuted and sentenced to 36 months following that prosecution in 2017. However, circumstances changed between the sentencing hearings in 2017 and 2020. Most notably, Lebron continued his criminal activity despite his prior sentence, a clear indication to the district court that the 2017 sentence provided insufficient deterrence and that Lebron had not accepted responsibility for his actions and would not be deterred by a light sentence. Considering the totality of these circumstances, we conclude that the district court acted reasonably in deciding both to impose a variance and to vary upwardly 30 months above the Guidelines range established at sentencing and that Lebron's sentence therefore is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*