# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2046

_____

Jason Procknow

*Plaintiff - Appellant*

v.

Hugh Curry; Brian Rundquist; Matt Ondrey; Brian Renzy; Rich Evans; John
Collins, City of Eagan Police Officers in their individual and official capacities;
City of Eagan; City of Eagan Police Department

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 9, 2016
Filed: June 20, 2016

_____

Before SHEPHERD, BEAM, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Jason Procknow sued officers Hugh Curry, Matt Ondrey, and Brian Rundquist
of the City of Eagan Police Department, alleging that they used excessive force in
violation of the Fourth Amendment. After litigation of Procknow's motion in limine,
which was granted in part and denied in part, the case proceeded to a jury trial. The

jury ultimately returned a verdict in favor of the defendants and the district court[1] entered judgment accordingly. Procknow filed a motion for judgment as a matter of law, which the district court denied. Procknow now appeals the partial denial of his motion in limine, and the denial of his motion for judgment as a matter of law. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and finding no reversible error, we affirm the district court on both issues.

This case arose out of Procknow's arrest for an alleged parole violation on August 29, 2011. Procknow was staying at the Extended Stay America hotel in Eagan, Minnesota, on that date. At the request of the Wisconsin Department of Corrections, several officers from the City of Eagan Police Department—including Curry, Ondrey, and Rundquist—went to the hotel to arrest Procknow. It was undisputed that during the course of the arrest, Ondrey tased Procknow three times within approximately 20 seconds, and that Procknow suffered lacerations to his lips, nose, and forehead as well as several chipped teeth. The other facts of the arrest, however, were disputed: Procknow claimed that he ran from the officers very briefly out of fear, but made no attempt to resist arrest, and that his injuries were the result of the officers kicking him, punching him, and stomping his head into the floor. The officers claimed that Procknow attempted to flee and refused to obey their commands, and that his injuries occurred when he fell into a door and then onto the floor when he was tased.

Before trial, the parties filed a stipulation to Procknow's criminal history, and both filed motions in limine. Procknow sought to exclude evidence of several of his prior convictions. The district court granted Procknow's motion in part, barring the introduction of his misdemeanor convictions for possession of a switchblade, carrying a concealed weapon, and fleeing or eluding an officer; and denied it in part,

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

permitting the introduction of his convictions for theft of government funds, aggravated identity theft, forgery (three separate convictions), impersonating a peace officer, and attempted first degree murder.

The case proceeded to trial on March 2, 2015. On March 3, after the jury returned a verdict for the defendants, Procknow moved for judgment as a matter of law. In support of his motion, he argued that regardless of the jury's factual findings, Ondrey's third use of the taser[2] constituted excessive force as a matter of law. Procknow also moved for a new trial, based on the district court's partial denial of his motion in limine. The district court denied both motions. Procknow timely appealed.

Procknow asserts first that the district court erred in admitting evidence of his convictions for impersonating a peace officer and attempted first degree murder. We review the district court's evidentiary determinations for abuse of discretion. Harris v. Chand, 506 F.3d 1135, 1139 (8th Cir. 2007). To reverse the district court on this issue, we must conclude both that the convictions were not properly admitted under Federal Rule of Evidence 609, and that their admission prejudiced the outcome of the case. See id. Because the convictions at issue were more than ten years old, they were properly admitted only if their probative value substantially outweighed their prejudicial effect. Fed. R. Evid. 609(b).

With regard to the conviction for impersonating a peace officer, the district court found that the crime "involved deception," and therefore had "important probative value which, in the Court's view, substantially outweigh[ed] any prejudice, particularly because [Procknow] was impersonating a law enforcement officer." Though it is true that Procknow's credibility was a significant issue in this case, we

---

[2]Before trial, the district court granted summary judgment in favor of the defendants as to the first two applications of the taser. Thus, the jury considered only whether the third use of the taser amounted to excessive force.

have some doubts as to whether a more than 20-year-old conviction for impersonating a peace officer is *substantially* more probative of Procknow's credibility than prejudicial. Cf. United States v. Brown, 956 F.2d 782, 787 (8th Cir. 1992) (noting the admissibility of a more than 20-year-old burglary conviction was a "close question", even where the credibility of the witness was an important issue). Nevertheless, under the circumstances of this case, any error associated with the introduction of the conviction was harmless. Cross-examination on this conviction was limited to a single question, and occurred just before cross-examination on Procknow's convictions for forgery, aggravated identity theft, and theft of government funds. Procknow does not dispute that these latter convictions, all probative of his credibility, were properly admitted. In this context, we cannot conclude that the conviction for impersonating a peace officer had a "substantial influence on the jury's verdict." Harris, 506 F.3d at 1139.

More concerning, given the greater severity of the offense, is the admission of Procknow's conviction for attempted first degree murder. Procknow argues that the conviction was highly prejudicial and that its probative value was minimal, particularly as to the third application of the taser (at the time of which, he argues, he had been both incapacitated and injured and no longer could have posed any sort of threat). This argument is persuasive insofar as the conviction was introduced as impeachment evidence under Rule 609—an attempted murder conviction is likely to be highly prejudicial, and its added probative value in a case with several other convictions bearing on the witness's credibility is likely to be quite limited. Fed. R. Evid. 609; cf. United States v. Keene, 915 F.2d 1164, 1169 (8th Cir. 1990). But here, the conviction was not admitted solely pursuant to Rule 609. The district court also determined that the attempted murder conviction was admissible as substantive evidence relevant to the reasonableness of the police officers' use of force when arresting Procknow. Procknow offers no basis for concluding that the conviction was inadmissible for this purpose, and substantive evidence is generally not excluded

-4-

from consideration merely because of its prejudicial effect. Thus, the attempted murder conviction was properly admitted for a purpose other than impeachment, and on cross-examination, Procknow was asked simply to confirm the existence of the conviction. Under these circumstances, Procknow has failed to show that use of the conviction for impeachment purposes[3] substantially influenced the jury's verdict. Harris, 506 F.3d at 1139. We find no reversible error in the district court's partial denial of Procknow's motion in limine.

Procknow also appeals the denial of his motion for judgment as a matter of law. Procknow's argument on this issue is fairly narrow and well defined: he asserts that Ondrey's third application of the taser was an unreasonable use of force as a matter of law because Ondrey tased Procknow for the third time only four seconds after the second tasing. The third tasing also occurred after Procknow had already been tased twice within approximately 15 seconds, had fallen to the ground, and had sustained significant injuries as a result of that fall. There is no dispute that Ondrey used the taser in this manner, and without ever warning Procknow that he was going to use the taser.

We review the district court's denial of a motion for judgment as a matter of law de novo, but must consider the evidence in the light most favorable to the jury's verdict. Billingsley v. City of Omaha, 277 F.3d 990, 992–93 (8th Cir. 2002). Whatever our own view of the evidence may be, "the function of this court's review is exhausted when the evidentiary basis of the verdict becomes apparent." Id. at 993. We reverse the jury's verdict only if "no reasonable juror could have returned a

---

[3]We also note that evidence of Procknow's attempted murder conviction was first introduced by Procknow in his own direct examination during his case-in-chief. See Canny v. Dr. Pepper/Seven-Up Bottling Grp., Inc., 439 F.3d 894, 904 (8th Cir. 2006) (citing Ohler v. United States, 529 U.S. 753, 757 (2000)). Because this issue was not raised, however, we do not base our ruling on it.

verdict for the non-moving party." Id. A use of force is unlawful under the Fourth Amendment if it is objectively unreasonable in light of the facts and circumstances confronting law enforcement officers at the time of the incident. Peterson v. Kopp, 754 F.3d 594, 600 (8th Cir. 2014) (citing Graham v. Connor, 490 U.S. 386, 396 (1989)). Thus, in this case we will reverse the jury's verdict in favor of the defendant officers only if no reasonable juror could have determined that the officers' actions were objectively reasonable in light of the facts and circumstances of the incident.

The facts and circumstances of the arrest, viewed in the light most favorable to the jury's verdict, were that Procknow had a felony warrant for a parole violation; he had a fairly extensive criminal history including a potentially violent offense; he attempted to flee and evade arrest; and he refused to obey the officers' commands. Most importantly, Ondrey testified that after the second application of the taser, he observed Procknow's hands moving "inward and down" underneath his body. Ondrey testified that he was concerned that Procknow could be reaching for a weapon, and that he knew from his training that a person lying on the ground could turn and direct a weapon toward him in seconds, even if the person had just been tased. Cf. Brown v. City of Golden Valley, 574 F.3d 491, 497 (8th Cir. 2009) (whether an officer "reasonably interpreted" plaintiff's actions "as a realistic threat to his personal safety . . . is a matter for the jury to decide"). Timing, warnings, and the physical capacity of a suspect are among the many factors relevant to determining whether use of a taser amounts to excessive force in a particular situation. But given the evidence presented in this case, we cannot say that "no reasonable juror" could have concluded that Ondrey's actions were an objectively reasonable approach to ensuring that Procknow was incapacitated and unable to harm him or the other officers. In deference to the jury's verdict, we conclude that the district court did not err in denying Procknow's motion for judgment as a matter of law.

For the foregoing reasons, we affirm the judgment of the district court.

_____