# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-3097

———————————————

Vanessa Cole, As Personal Representative of the Estate of Roy Lee Richards, Jr., Deceased other Roy Lee Richards, Jr.

*Plaintiff - Appellant*

v.

Dennis Hutchins, Individually; Kenton Buckner, Individually and Officially; City of Little Rock, A Municipality

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: December 6, 2022
Filed: December 12, 2022
[Unpublished]

——————————

Before BENTON, ERICKSON, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Vanessa Cole, as personal representative of the estate of Roy Richards, Jr., appeals following the district court's[1] judgment on an adverse jury verdict in her

---

[1]The Honorable D.P. Marshall Jr., Chief Judge, United States District Court for the Eastern District of Arkansas.

action bringing 42 U.S.C. § 1983 and related state-law claims against Little Rock Police Department Officer Dennis Hutchins. Cole alleged that Hutchins used excessive force in violation of the Fourth Amendment when he fatally shot Richards in 2016. We affirm.

Upon careful review, we find no abuse of discretion in the special verdict questions the district court posed to the jury, see Wilkins v. St. Louis Hous. Auth., 314 F.3d 927, 932 (8th Cir. 2002) (submission and form of special verdict to jury are matters within trial court's discretion); or in the district court's decision not to direct the jury to deliberate further or order a new trial based on the jury's answers to the special verdict questions, as the answers could be reconciled, see Smith v. Riceland Foods, Inc., 151 F.3d 813, 821 (8th Cir. 1998) (district court has discretion to decide whether jury's findings on verdict form are inconsistent and whether to resubmit claim to jury); Anheuser-Busch, Inc. v. John Labatt Ltd., 89 F.3d 1339, 1347 (8th Cir. 1996) (appellate court is obligated view case in any reasonable way that makes verdicts consistent). We also conclude that the district court properly denied Cole's motions for judgment as a matter of law, as there was sufficient evidence to support the jury's verdicts. See Krekelberg v. City of Minneapolis, 991 F.3d 949, 953 (8th Cir. 2021) (de novo review of denial of motion for judgment as matter of law; this court will reverse only if there is complete absence of probative facts to support verdict); Procknow v. Curry, 826 F.3d 1009, 1014 (8th Cir. 2016) (affirming denial of motion for judgment as matter of law because, given officer's testimony about potential threat posed by plaintiff and other evidence presented, reasonable juror could have concluded that officer's actions were objectively reasonable).

The judgment is affirmed. See 8th Cir. R. 47B.

_____